**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **ADC AND T, LLC,** | § | **CASE NO. 25-32569-swe-11** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**DEBTOR'S SECOND AMENDED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT**

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
117 South Dallas St.
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034

ATTORNEYS FOR DEBTOR

# TABLE OF CONTENTS


Article I. INTRODUCTION ....4

Article II. DEFINITIONS ....4

Article III. VOTING ON THE PLAN AND OBJECTIONS ....7

Article IV. BACKGROUND ....8
- 4.1 Nature of Debtor's Business and Operations ....8
- 4.2 Assets of the Debtor ....8
- 4.3 Liabilities of the Debtor ....9
- 4.4 Tax Consequences of the Plan ....9

Article V. LIQUIDATION ANALYSIS ....10

Article VI. PLAN OF REORGANIZATION ....11
- 6.1 Treatment of Unclassified Claims, Administrative Expense Claims, Priority Claims, and U.S. Trustee Fees ....11
- 6.2 Classification of Claims and Interests ....13
- 6.3 Claims and Interests Impaired Under the Plan ....13
- 6.4 Treatment of Classified Claims and Interests Under the Plan ....13
- 6.5 Implementation of the Plan ....18
- 6.6 Feasibility of the Plan ....18
- 6.7 Provisions Regarding Distributions and Objections to Claims ....19
- 6.8 Executory Contracts ....19

Article VII. RESERVATION OF CLAIMS ....20
- 7.1 Reservation of Claims and Causes of Action ....20
- 7.2 Return of Fraudulent Transfers ....20

Article VIII. EFFECT OF CONFIRMATION, DISCHARGE, RELEASES AND INJUNCTION ....20
- 8.1 Vesting of Property ....20
- 8.2 Plan Creates New Obligations ....21
- 8.3 Legal Binding Effect ....21
- 8.4 Discharge ....21
- 8.5 Satisfaction of Claims and Interests ....21
- 8.6 Modification of the Plan ....21
- 8.7 Retention of Jurisdiction ....21
- 8.8 Temporary Injunction ....22

Article IX. MISCELLANEOUS PROVISIONS ....23
- 9.1 Request for Relief Under Bankruptcy Code § 1129(b) ....23
- 9.2 Headings ....23
- 9.3 Due Authorization ....23
- 9.4 Further Assurances and Authorizations ....23

9.5 Applicable Law .....23
9.6 No Interest .....23
9.7 Post-Confirmation Actions .....24
9.8 Notices of Default .....24
9.9 Notices .....24
9.10 Payment Dates .....24
9.11 De Minimis Distribution .....24

EXHIBITS:

Exhibit 1- Monthly Operating Reports Summary
Exhibit 2 - Schedule A/B
Exhibit 3 - Claims Register
Exhibit 4 – Projections
Exhibit 5 – Hancock Whitney Claim

## ARTICLE I. INTRODUCTION

This Plan of Reorganization and Disclosure Statement (the "Plan") is proposed by ADC and T, LLC, the debtor in this Bankruptcy Case (the "Debtor"). This case was initiated by the filing of a voluntary petition for relief by the Debtor on July 9, 2025, under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. This Plan is provided pursuant to the Bankruptcy Code to all the Debtor's known creditors and other parties in interest. The Plan is a Plan of Reorganization. Under the Plan the Debtor will continue to operate its trucking business and make installment payments to creditors over a five-year period to satisfy their Allowed Claims. The details of the Plan are set out in Article VI of this document.

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

## ARTICLE II. DEFINITIONS

Except as expressly provided herein or unless the context otherwise requires, the terms set forth in this Article II shall have the following meanings when used in initially capitalized form in this Plan. Any term used in initially capitalized form that is not defined herein, but that is defined in the Bankruptcy Code, shall have the meaning assigned to such term in the Bankruptcy Code. Such meanings shall be equally applicable to both the singular and plural forms of such terms.

"**Administrative Expense Claim**" means an administrative expense or claim described in Bankruptcy Code § 503 and entitled to administrative priority pursuant to Bankruptcy Code § 507(a)(1), including, but not limited to, Fee Claims.

"**Allowed Amount**" means the amount of any Allowed Claim.

"**Allowed Claim**" means a Claim against the Debtor allowable under the Bankruptcy Code to the extent that: (i) a Proof of Claim or request for payment was timely filed, or, with leave of the Bankruptcy Court, late filed, and as to which no objection has been timely filed with the Bankruptcy Court, or, if filed, is allowed by a Final Order, unless otherwise provided in this Plan; (ii) the Claim is scheduled and not listed as disputed, contingent, or unliquidated, and no objection has been timely filed or, if filed, is allowed by a Final Order; or (iii) with respect to an Administrative Expense Claim or Fee Claim, the Administrative Expense Claim or Fee Claim has been approved by a Final Order upon notice and application to the Bankruptcy Court.

"**Assets**" means property of the Estate.

"**Avoidance Actions**" means any and all rights, claims, and causes of action which a trustee, Debtor, or other appropriate party in interest would be able to assert on behalf of the Estate under applicable state statutes or the avoidance provisions of chapter 5 of the Bankruptcy Code, including actions under one or more of the provisions of Bankruptcy Code §§ 506, 542-551, and 553.

“**Bankruptcy Case**” or “**Case**” means this Case No. 25-32569 pending before the Bankruptcy Court.

“**Bankruptcy Code**” or “**Code**” means the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended.

“**Bankruptcy Court**” or “**Court**” means the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, or other such court that may have jurisdiction with respect to the reorganization of the Debtor pursuant to Chapter 11 of the Bankruptcy Code.

“**Bankruptcy Rules**” means the Federal Rules of Bankruptcy Procedure, as amended, and “**Bankruptcy Rule**” refers to a specific rule therein.

“**Bar Date**” means November 17, 2025, the deadline established by the Bankruptcy Court pursuant to Bankruptcy Rule 3003(c)(3), after which any Proof of Claim may not be timely filed, except Claims held by governmental agencies.

“**Business Day**” shall mean any day that is not a Saturday, Sunday, or one of the legal holidays listed in Bankruptcy Rule 9006(a).

“**Claim**” shall have the meaning set forth in Bankruptcy Code § 101(5).

“**Claimant**” or “**Creditor**” means the holder of a Claim or interest in the Assets.

“**Class**” means any class into which Claims are classified pursuant to Article VI of the Plan. Each subclass of a class shall be treated as a separate class.

**“Collateral”** means any Assets of the Debtor subject to a valid Lien held by a Secured Creditor.

“**Confirmation**” means the Bankruptcy Court’s entry of the Confirmation Order.

“**Confirmation Date**” means the date on which the Order confirming this Plan is entered.

“**Confirmation Hearing**” means the hearing or hearings held before the Bankruptcy Court in which the Debtor will seek Confirmation of this Plan.

“**Confirmation Order**” means the Order confirming this Plan.

“**Contested**” when used with respect to a Claim, means a Claim against the Debtor: (i) that is listed in the Debtor’s Schedules of Assets and Liabilities as disputed, contingent, or unliquidated; (ii) that is listed in the Debtor’s Schedules of Assets and Liabilities as undisputed, liquidated, and not contingent and as to which a Proof of Claim has been filed with the Bankruptcy Court, to the extent the Proof of Claim amount exceeds the scheduled amount; (iii) that is the subject of a pending action in a forum other than the Bankruptcy Court unless such Claim has been determined by Final Order in such other forum and Allowed by Final Order of the Bankruptcy Court; or (iv) as to which an objection has been or may be timely filed and has not been denied by Final Order. To the extent an objection relates to the allowance of only a part of a Claim, such Claim shall be a Contested Claim only to the extent of the objection.

"**Debtor**" means ADC and T, LLC, the Debtor herein. Where the context so requires, "**Debtor**" shall also include the Reorganized Debtor after Confirmation of the Plan.

"**Disputed**" with respect to a Claim means either: (i) a Claim which has been objected to by the Debtor; or (ii) a Claim that is listed on the Debtor's bankruptcy schedules as "disputed, contingent or unliquidated" and for which such Creditor or Interest holder has not filed a Proof of Claim.

"**Effective Date**" means the thirtieth (30th) day after the Confirmation Date.

"**Estate**" means the bankruptcy estate of the Debtor in this Case.

"**Fee Claim**" means a Claim under Bankruptcy Code §§ 330 or 503 for allowance of compensation and reimbursement of expenses to professionals in this Bankruptcy Case.

"**Fee Application**" means an application filed with the Bankruptcy Court for allowance of a Fee Claim.

"**Final Order**" means an Order as to which any appeal that has been taken has not been stayed following the expiration of the time for appeal or has been resolved, or as to which the time for appeal has expired.

"**Impaired**" means the treatment of an Allowed Claim or Interest pursuant to the Plan unless, with respect to such Claim or Interest, either: (i) the Plan leaves unaltered the legal, equitable and contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; (ii) notwithstanding any contractual provision or applicable law that entitles the holder of such Claim or Interest to demand or receive accelerated payment of such Claim or Interest after occurrence of a default, the Debtor (A) cures any default that occurred before or after the commencement of the Chapter 11 Case on the Petition Date, other than default of the kind specified in § 365(b)(2) of the Bankruptcy Code; (B) reinstates the maturity of such Claim or Interest as such maturity existed before such default; (C) compensates the holder of such Claim or Interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and (D) does not otherwise alter the legal, equitable or contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; or (iii) the Plan provides that on the Effective Date, the holder of such Claim or Interest receives, on account of such Claim or Interest, cash equal to the Allowed Amount of such Claim or Interest.

"**Insider**" has the meaning provided by § 101(31) of the Bankruptcy Code.

"**Interest**" means any equity or ownership interest in the Debtor.

"**Lien**" means any charge against or interest in property to secure payment of debt or performance of an obligation and includes a judicial lien, security interest, and deed of trust, mortgage and property tax lien.

"**Order**" means an Order of the Bankruptcy Court.

"**Petition Date**" means July 9, 2025, the date on which the voluntary petition was filed in this case.

**“Plan”** means this Plan of Reorganization, including any amendments, modifications or corrections made thereto pursuant to the Bankruptcy Code.

“**Priority Tax Claim**” means a Claim entitled to priority pursuant to Bankruptcy Code § 507(a)(8).

“**Priority Wage Claim**” means a Claim entitled to priority pursuant to Bankruptcy Code § 507(a)(4)(A).

“**Proof of Claim**” means a written statement setting forth a Creditor’s Claim filed in this Case and conforming substantially to the appropriate official form.

**“Pro Rata”** means the percentage that an Allowed Claim represents in relation to the total Allowed Claims in the relevant Class.

“**Schedules and Statements**” means and refers to each of the Debtor’ bankruptcy schedules A/B, D-H and Statement of Financial Affairs.

“**Secured Claim**” means a Claim that is secured within the meaning of Bankruptcy Code § 506(a). Should the value of the collateral securing a Secured Claim be less than the amount of the Claim, the Claim will be bifurcated into a Secured Claim equal to the value of the collateral and an Unsecured Claim for the remainder.

“**Unsecured Claim**” means any Claim that is not a Secured Claim or an Administrative Expense Claim and that is not entitled to priority treatment under Bankruptcy Code § 507.

## ARTICLE III. VOTING ON THE PLAN AND OBJECTIONS

### 3.1 Who May Vote

You are entitled to vote on the Plan unless:

(1) your Claim or Interest is Disputed (as defined herein);

(2) your Class receives no distribution (presumed to reject the Plan);

(3) your Class is “unimpaired” (presumed to accept the Plan – *See* Article VI to see if your Class is Impaired or unimpaired); or

(4) your Claim is unclassified (and thus required by law to be paid in full).

If your Claim or Interest is Disputed, then you must file a motion and have it allowed for voting purposes (you must do that soon so that your motion can be heard before votes are counted. *See* Bankruptcy Rule 3018(a)).

### 3.2 How to Vote

Fill out and return the attached ballot (if you are entitled to vote) **by the deadline** and according to the other instructions in the enclosed order regarding voting and procedures.

### 3.3 Effect of Vote

After a plan of reorganization has been filed, it must either be accepted by holders of claims against, or interests in, the debtor, or be found by the Court not to discriminate unfairly and that it is fair and equitable with respect to each class of claims or interests that is impaired under the plan or that has not accepted the plan.

Acceptance of the plan by the Creditors and Equity Interest Holders is important. In order for the plan to be accepted by each class of claims, the creditors that hold at least two thirds (2/3) in amount and more than one-half (½) in number of the allowed claims actually voting on the plan in such class must vote for the plan and the equity interest holders that hold at least two-thirds (2/3) in amount of the allowed interests actually voting on the plan in such class must vote for the plan.

### 3.4 Who May Object

Even if you are not entitled to vote, you may object to Confirmation of the Plan if you believe that the requirements for Confirmation are not met (and if you are a party in interest in this bankruptcy case). For the deadlines and procedures to object, see the enclosed order.

## ARTICLE IV. BACKGROUND

### 4.1 Nature of Debtor's Business and Operations

The Debtor owns and operates a commercial trucking company located in Wink, Texas.

Attached hereto as **Exhibit 1** are copies of the monthly operating reports filed by the Debtor during the pendency of the Case.

### 4.2 Assets of the Debtor

As of the Petition Date the Debtor owned the following Assets:

| | |
|---|---|
| Cash | $10.00 |
| Office furniture and equipment | $750.00 |
| Claim against Loewen Bilt LLC (Paid for Trailers that were not delivered) | $200,000.00 |
| Multiple commercial trucks and trailers, passenger trucks and cars, forklift, vehicle parts and tires | $3,994,737.89 |
| Total Assets: | $4,195,497.89 |

For a complete, detailed listing of the Debtor's Assets, refer to the Schedules attached hereto as **Exhibit 2.**

### 4.3 Liabilities of the Debtor

The Debtor scheduled total liabilities of $10,094,596.28 as of the Petition Date, consisting of:

| | |
|---|---|
| Priority Claims | $771,959.12 |
| Secured Claims | $8,055,561.83 |
| Unsecured Claims | $1,267,075.33 |

For a complete, detailed listing of the Debtor's scheduled liabilities, refer to the Schedules attached hereto as **Exhibit 2.**

Multiple parties filed Priority, Security and Unsecured Proofs of Claim. For a complete, detailed listing of the Proofs of Claim refer to the Court's Claims Register attached hereto as **Exhibit 3**.

**Administrative Expense Claims.**

The Estate will be liable for certain Administrative Expense Claims pursuant to Bankruptcy Code §503(b) through the Confirmation Date, including Fee Claims of Joyce W. Lindauer Attorney, PLLC as the Debtor's bankruptcy counsel. Before the Debtor pays any Fee Claims, the Bankruptcy Court will have determined the reasonableness of such fees and expenses.

### 4.4 Tax Consequences of the Plan

**a. Disclaimer.** The Debtor does not purport to provide tax advice to the holders of Claims. The following is intended only as a summary of possible federal income tax consequences of the Plan and is not a substitute for careful tax planning with a tax professional. The following is for information purposes only and is NOT tax advice. The tax consequences are in many cases uncertain and may vary depending on a holder's individual circumstances. Accordingly, holders of Claims are urged to consult with their tax advisors about the federal, state, local, and foreign tax consequences of the Plan on their tax returns and tax liabilities.

**b. Tax Consequences.** Implementation of the Plan may result in federal income tax consequences to holders of Claims or Interests and the Debtor. Tax consequences to a particular Claim or Interest holder may depend on the particular circumstances or facts regarding the Claim or Interest. IRS Publication 908, entitled "Bankruptcy Tax Guide" provides valuable information regarding the federal income tax aspects of bankruptcy. The "Bankruptcy Tax Guide" is available directly from the IRS online at http://www.irs.gov/pub/irs-pdf/p908.pdf.

c. **Cancellation of Debt.** Cancellation of the Debtor's debt ("**COD**") is generally considered as taxable income of the Debtor. COD is the amount by which the indebtedness discharged exceeds any consideration given in exchange. However, there are exceptions which prevent COD from being treated as taxable income. To the extent the Debtor is insolvent or the Debtor is discharged in a bankruptcy proceeding, as is the case at bar, the Internal Revenue Code excludes COD from income. The statutory exclusion for COD from the Debtor's gross income in a Chapter 11 bankruptcy case arises where a discharge is granted by the Court as is requested in the Plan.

d. **Holders of Allowed Claims.** The tax consequences associated with distributions under the Plan to the holders of an Allowed Claim will depend on, among other things: (i) the consideration received or deemed to have been received by the holder of any such Claim; (ii) whether the Allowed Claim holder reports income on an accrual or cash basis; (iii) the taxable year in which any distributions under the Plan are received by the Allowed Claim holder; (iv) whether the Claim was Allowed or Contested/Disputed as of the Effective Date; and (v) whether such Allowed Claim holder had previously written the obligation off as bad debt. ALLOWED CLAIM HOLDERS ARE URGED TO CONSULT WITH THEIR TAX ADVISORS ABOUT THE FEDERAL, STATE, LOCAL AND FOREIGN TAX CONSEQUENCES OF THE PLAN.

## ARTICLE V. CHAPTER 7 LIQUIDATION ANALYSIS

Section 1129(a)(7) of the Bankruptcy Code requires that a Chapter 11 plan of reorganization must provide at least as much value to each Impaired Creditor as could be realized in a liquidation under Chapter 7 of the Bankruptcy Code.

In determining whether the requirements of Section 1129(a)(7) of the Bankruptcy Code have been met, the first step is to determine the dollar amount that would be generated from a hypothetical liquidation of the Debtor's assets in Chapter 7. Such amounts must then be reduced by the costs and expenses of the liquidation. Further reductions would be required to eliminate cash and asset liquidation proceeds that would be applied to Secured Claims and amounts necessary to satisfy Priority Claims that are senior to general Unsecured Claims (and Administrative Expense Claims that may result from the termination of the Debtor's business and the liquidation of its assets).

### Liquidation Analysis

The Debtor believes that in a Chapter 7 liquidation the Chapter 7 trustee would agree to lift the automatic stay to allow Secured creditors to foreclose their liens on the Assets, and would abandon the Estate's Claim against Loewen Bilt LLC. The Debtor believes the proceeds of a foreclosure sale would be approximately 70% of market value, and that the cost of liquidation would be approximately 1% of the sale amount.

Based on the above, the Debtor estimates that the results of a Chapter 7 liquidation sale would be as follows:

**Assets in Chapter 7 liquidation**

| | |
|---|---|
| Cash | $10 |
| Office furniture and equipment (70% of market value) | $525 |
| Vehicles, equipment and parts (70% of market value) | $2,936,849 |
| Less 1% sale costs | <$29,374> |
| Total Assets in Ch. 7 liquidation | $2,908,010 |

**Liabilities**

| | |
|---|---|
| Administrative Expenses and UST Fees | $75,000[1] |
| Priority Claims | $771,959 |
| Secured Claims | $8,055,562 |
| Unsecured Claims | $1,267,075 |
| Total Liabilities | $10,119,596 |

***NOTE:* As shown by the above chart, in a Chapter 7 liquidation Secured Claims would be paid only in part and Unsecured Claims would receive nothing. Under this Plan, however, the Debtor will pay Allowed Secured Claims in full [based on the value of their collateral] and Unsecured Claimants will receive their Pro Rata share of a pool of cash to be contributed by the Debtor. Therefore, Creditors will receive at least as much under this Plan as they would in a Chapter 7 liquidation.**

## ARTICLE VI. PLAN OF REORGANIZATION

### 6.1 Treatment of Unclassified Claims, Administrative Expense Claims, Priority Tax Claims, and U.S. Trustee Fees

**Unclassified Claims.** All Allowed Claims (except Administrative Expense Claims and Priority Tax Claims) are placed in Classes for all purposes, including voting on, confirmation of, and distributions under this Plan. In accordance with Bankruptcy Code § 1123(a)(1), Administrative Expense Claims and Allowed Priority Tax Claims have not been classified.

**Administrative Expense Claims.** Each holder of an Administrative Expense Claim under Bankruptcy Code § 503 shall receive either: (i) with respect to Administrative Expense Claims which are Allowed Claims on the Effective Date, the amount of such holder's Allowed Claim in one cash payment, within ten (10) days after the Effective Date, from the Debtor; (ii) with respect

1. Debtor's estimate.

to Administrative Expense Claims which become Allowed Claims after the Effective Date, the amount of such holder's Allowed Claim, in one cash payment from the Debtor within ten (10) days after such Claim becomes an Allowed Administrative Expense Claim; or (iii) such other treatment agreed upon by the Debtor and such holder.

**a.** **Fee Claims.**_Each professional person whose retention with respect to this Case has been approved by the Bankruptcy Court or who holds, or asserts, an Administrative Expense Claim that is a Fee Claim shall be required to file with the Bankruptcy Court a final fee application within sixty (60) days after the Effective Date and to serve notice thereof on all parties entitled to such notice. The failure to file timely any such application as required shall result in the Fee Claim being forever barred and discharged. A Fee Claim, with respect to which a Fee Application has been properly filed, shall become an Administrative Expense Claim only to the extent allowed by Final Order. Fee Claims shall be paid either: (i) with respect to Fee Claims which are Allowed Claims on the Effective Date, the amount of such holder's Allowed Claim in one cash payment, within ten (10) days after the Effective Date, from the Debtor; (ii) with respect to Fee Claims which become Allowed Claims after the Effective Date, the amount of such holder's Allowed Claim, in one cash payment from the Debtor within ten (10) days after such Claim becomes an Allowed Fee Claim; or (iii) such other treatment agreed upon by the Debtor and such holder.

**b.** **Administrative Expense Claims Bar Date.** Any other person or entity who claims to hold an Administrative Expense Claim (other than a Fee Claim) shall be required to file with the Bankruptcy Court an application within sixty (60) days after the Effective Date and to serve notice thereof on all parties entitled to such notice. The failure to file timely the application as required under this section) of this Plan shall result in the Claim being forever barred and discharged. An Administrative Expense Claim with respect to which an application has been properly filed and to which no timely objection has been filed or an objection has been filed but overruled by the Bankruptcy Court, shall become an Allowed Claim to the extent such Claim is allowed by Final Order.

**c.** **Priority Claims.** Priority Claims shall be paid in full over the period from the Effective Date to the expiration of 60 (sixty) months from the Petition Date, with interest thereon at the statutory rate of interest. The Claims will be paid in equal monthly installments of principal and interest, commencing on the first day of the first month following the Effective Date and continuing on the first day of each month thereafter. The Debtor believes there are no such claims.

Priority Claims were scheduled by the Debtor as held by the Internal Revenue Service in the amounts of $173,583 and $598,376.

A Priority Claim was filed by the Attorney General of Texas in the amounts of $35,384.

**6.2 Classification of Claims and Interests**

Claims against the Debtor, excluding Administrative Expense Claims and Priority Claims. are divided into the following Classes:

Class 1: Allowed Secured Claim of Ameris Bank.

Class 2: Allowed Secured Claim of Apex Funding Silver.

Class 3: Allowed Secured Claim of Balboa Capital.

Class 4: Allowed Secured Claim of Canon Financial Services, Inc.

Class 5: Allowed Secured Claim of Commercial Funding Partners

Class 6: Allowed Secured Claim of CT Corporation System (SPRS)

Class 7: Allowed Secured Claim of Financial Partner Group

Class 8: Allowed Secured Claims of First Citizens Bank & Trust Company

Class 9: Allowed Secured Claim of Ford Motor Credit Company

Class 10: Allowed Secured Claims of Hancock Whitney Bank

Class 11: Allowed Secured Claims of Horizon EF Solutions

Class 12: Lease Finance Partners, Inc.

Class 13: Momentum Capital Funding

Class 14: Samson MCA LLC

Class 15: TVT Capital

Class 16: U.S. Small Business Administration

Class 17: Allowed Unsecured Claims.

Class 18: Equity Interests.

**6.3 Claims and Interests Impaired Under the Plan**

The Claims in all the above Classes are Impaired and entitled to vote on this Plan, except Class 18 Equity Interests, which are not Impaired.

### 6.4 Treatment of Classified Claims and Interests Under the Plan

**General Provisions Regarding Treatment of Claims.**

All Allowed Secured Claimants shall retain all their liens on any Collateral securing their Claims.

No Claimant shall be entitled to a pre-payment penalty if their Claim is paid early.

Should the value of the Collateral securing a Secured Claim be less than the amount of the Claim, the Claim will be bifurcated into a Secured Claim equal to the value of the Collateral and an Unsecured Claim for the remainder.

**Class 1: Allowed Secured Claim of Ameris Bank.** This Claim shall be paid in full in over 84 months from the Effective Date in equal monthly installments of principal with interest thereon at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 84 months from the Effective Date, or upon sale of any Collateral securing this Claim, if earlier. Interest shall begin to accrue on the Effective Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan. To the extent that the Collateral securing this claim is valued less than the amount of the Allowed Claim the Secured Claim shall be equal to the value of the Collateral and the balance of the Allowed Claim shall be treated as an Allowed Unsecured Claim in Class 17 of the Plan. The Debtor's proposed amount of the Creditor's Allowed Secured Claim is set forth on Exhibit 4 attached hereto.

**Class 2: Allowed Secured Claim of Apex Funding Silver.** This Claim shall be paid in full in over 84 months from the Effective Date in equal monthly installments of principal with interest thereon at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 84 months from the Effective Date, or upon sale of any Collateral securing this Claim, if earlier. Interest shall begin to accrue on the Effective Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan. To the extent that the Collateral securing this claim is valued less than the amount of the Allowed Claim the Secured Claim shall be equal to the value of the Collateral and the balance of the Allowed Claim shall be treated as an Allowed Unsecured Claim in Class 17 of the Plan. The Debtor's proposed amount of the Creditor's Allowed Secured Claim is set forth on Exhibit 4 attached hereto.

**Class 3: Allowed Secured Claim of Balboa Capital.** This Claim shall be paid in full in over 84 months from the Effective Date in equal monthly installments of principal with interest thereon at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 84 months from the Effective Date, or upon sale of any Collateral securing this Claim, if earlier. Interest shall begin to accrue on the Effective Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan. To the extent that the Collateral securing this claim is valued less than the amount of the Allowed Claim the Secured Claim shall be equal to the value of the Collateral and the balance of the Allowed Claim shall be treated as an Allowed Unsecured Claim in Class 17 of the

Plan. The Debtor's proposed amount of the Creditor's Allowed Secured Claim is set forth on Exhibit 4 attached hereto.

**Class 4: Allowed Secured Claim of Canon Financial Services, Inc.** This Claim shall be paid in full in over 84 months from the Effective Date in equal monthly installments of principal with interest thereon at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 84 months from the Effective Date, or upon sale of any Collateral securing this Claim, if earlier. Interest shall begin to accrue on the Effective Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan. To the extent that the Collateral securing this claim is valued less than the amount of the Allowed Claim the Secured Claim shall be equal to the value of the Collateral and the balance of the Allowed Claim shall be treated as an Allowed Unsecured Claim in Class 17 of the Plan. The Debtor's proposed amount of the Creditor's Allowed Secured Claim is set forth on Exhibit 4 attached hereto.

**Class 5: Allowed Secured Claim of Commercial Funding Partners** This Claim shall be paid in full in over 84 months from the Effective Date in equal monthly installments of principal with interest thereon at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 84 months from the Effective Date, or upon sale of any Collateral securing this Claim, if earlier. Interest shall begin to accrue on the Effective Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan. To the extent that the Collateral securing this claim is valued less than the amount of the Allowed Claim the Secured Claim shall be equal to the value of the Collateral and the balance of the Allowed Claim shall be treated as an Allowed Unsecured Claim in Class 17 of the Plan. The Debtor's proposed amount of the Creditor's Allowed Secured Claim is set forth on Exhibit 4 attached hereto.

**Class 6: Allowed Secured Claim of CT Corporation System (SPRS)** This Claim shall be paid in full in over 84 months from the Effective Date in equal monthly installments of principal with interest thereon at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 84 months from the Effective Date, or upon sale of any Collateral securing this Claim, if earlier. Interest shall begin to accrue on the Effective Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan. To the extent that the Collateral securing this claim is valued less than the amount of the Allowed Claim the Secured Claim shall be equal to the value of the Collateral and the balance of the Allowed Claim shall be treated as an Allowed Unsecured Claim in Class 17 of the Plan. The Debtor's proposed amount of the Creditor's Allowed Secured Claim is set forth on Exhibit 4 attached hereto.

**Class 7: Allowed Secured Claim of Financial Partner Group.** This Claim shall be paid in full in over 84 months from the Effective Date in equal monthly installments of principal with interest thereon at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 84 months from the Effective Date, or upon sale of any Collateral securing this Claim, if earlier. Interest shall begin to accrue on the Effective Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan. To the extent that the Collateral securing this claim is valued less than the amount of the Allowed Claim the Secured Claim shall be equal to the value of the

Collateral and the balance of the Allowed Claim shall be treated as an Allowed Unsecured Claim in Class 17 of the Plan. The Debtor's proposed amount of the Creditor's Allowed Secured Claim is set forth on Exhibit 4 attached hereto.

**Class 8: Allowed Secured Claims of First Citizens Bank & Trust Company.** This Claim shall be paid in full in over 84 months from the Effective Date in equal monthly installments of principal with interest thereon at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 84 months from the Effective Date, or upon sale of any Collateral securing this Claim, if earlier. Interest shall begin to accrue on the Effective Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan. To the extent that the Collateral securing this claim is valued less than the amount of the Allowed Claim the Secured Claim shall be equal to the value of the Collateral and the balance of the Allowed Claim shall be treated as an Allowed Unsecured Claim in Class 17 of the Plan. The Debtor's proposed amount of the Creditor's Allowed Secured Claim is set forth on Exhibit 4 attached hereto.

**Class 9: Allowed Secured Claim of Ford Motor Credit Company.** This Claim shall be paid in full in over 84 months from the Effective Date in equal monthly installments of principal with interest thereon at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 84 months from the Effective Date, or upon sale of any Collateral securing this Claim, if earlier. Interest shall begin to accrue on the Effective Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan. To the extent that the Collateral securing this claim is valued less than the amount of the Allowed Claim the Secured Claim shall be equal to the value of the Collateral and the balance of the Allowed Claim shall be treated as an Allowed Unsecured Claim in Class 17 of the Plan. The Debtor's proposed amount of the Creditor's Allowed Secured Claim is set forth on Exhibit 4 attached hereto.

**Class 10: Allowed Secured Claims of Hancock Whitney Bank.** This Claim shall be paid in full in over 84 months from the Effective Date in equal monthly installments of principal with interest thereon at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 84 months from the Effective Date, or upon sale of any Collateral securing this Claim, if earlier. Interest shall begin to accrue on the Effective Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan. To the extent that the Collateral securing this claim is valued less than the amount of the Allowed Claim the Secured Claim shall be equal to the value of the Collateral and the balance of the Allowed Claim shall be treated as an Allowed Unsecured Claim in Class 17 of the Plan. The Debtor has proposed an Allowed Secured Claim for Hancock Whitney Bank in the amount of $1,348,000. The Collateral securing such claim is valued by the Debtor on Exhibit "5" attached hereto.

**Class 11: Allowed Secured Claims of Horizon EF Solutions.** This Claim shall be paid in full in over 84 months from the Effective Date in equal monthly installments of principal with interest thereon at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 84 months from the Effective Date, or upon sale of any Collateral securing this Claim, if earlier. Interest shall begin to accrue on the Effective Date. This Claim is Impaired, and the holder of this Claim is entitled to

vote to accept or reject the Plan. To the extent that the Collateral securing this claim is valued less than the amount of the Allowed Claim the Secured Claim shall be equal to the value of the Collateral and the balance of the Allowed Claim shall be treated as an Allowed Unsecured Claim in Class 17 of the Plan. The Debtor's proposed amount of the Creditor's Allowed Secured Claim is $219,165 so long as the terms of repayment provided in this Plan remain unchanged..

**Class 12: Lease Finance Partners, Inc.** This Claim shall be paid in full in over 84 months from the Effective Date in equal monthly installments of principal with interest thereon at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 84 months from the Effective Date, or upon sale of any Collateral securing this Claim, if earlier. Interest shall begin to accrue on the Effective Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan. To the extent that the Collateral securing this claim is valued less than the amount of the Allowed Claim the Secured Claim shall be equal to the value of the Collateral and the balance of the Allowed Claim shall be treated as an Allowed Unsecured Claim in Class 17 of the Plan. The Debtor's proposed amount of the Creditor's Allowed Secured Claim is set forth on Exhibit 4 attached hereto.

**Class 13: Momentum Capital Funding.** This Claim shall be paid in full in over 84 months from the Effective Date in equal monthly installments of principal with interest thereon at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 84 months from the Effective Date, or upon sale of any Collateral securing this Claim, if earlier. Interest shall begin to accrue on the Effective Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan. To the extent that the Collateral securing this claim is valued less than the amount of the Allowed Claim the Secured Claim shall be equal to the value of the Collateral and the balance of the Allowed Claim shall be treated as an Allowed Unsecured Claim in Class 17 of the Plan. The Debtor's proposed amount of the Creditor's Allowed Secured Claim is set forth on Exhibit 4 attached hereto.

**Class 14: Samson MCA LLC.** This Claim shall be paid in full in over 84 months from the Effective Date in equal monthly installments of principal with interest thereon at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 84 months from the Effective Date, or upon sale of any Collateral securing this Claim, if earlier. Interest shall begin to accrue on the Effective Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan. To the extent that the Collateral securing this claim is valued less than the amount of the Allowed Claim the Secured Claim shall be equal to the value of the Collateral and the balance of the Allowed Claim shall be treated as an Allowed Unsecured Claim in Class 17 of the Plan. The Debtor's proposed amount of the Creditor's Allowed Secured Claim is set forth on Exhibit 4 attached hereto.

**Class 15: TVT Capital.** This Claim shall be paid in full in over 84 months from the Effective Date in equal monthly installments of principal with interest thereon at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 84 months from the Effective Date, or upon sale of any Collateral securing this Claim, if earlier. Interest shall begin to accrue on the Effective Date. This

Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan. To the extent that the Collateral securing this claim is valued less than the amount of the Allowed Claim the Secured Claim shall be equal to the value of the Collateral and the balance of the Allowed Claim shall be treated as an Allowed Unsecured Claim in Class 17 of the Plan. The Debtor's proposed amount of the Creditor's Allowed Secured Claim is set forth on Exhibit 4 attached hereto.

**Class 16: U.S. Small Business Administration.** This Claim shall be paid in full in over 84 months from the Effective Date in equal monthly installments of principal with interest thereon at the rate of 5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 84 months from the Effective Date, or upon sale of any Collateral securing this Claim, if earlier. Interest shall begin to accrue on the Effective Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan. To the extent that the Collateral securing this claim is valued less than the amount of the Allowed Claim the Secured Claim shall be equal to the value of the Collateral and the balance of the Allowed Claim shall be treated as an Allowed Unsecured Claim in Class 17 of the Plan. The Debtor's proposed amount of the Creditor's Allowed Secured Claim is set forth on Exhibit 4 attached hereto.

**Class 17: Allowed Unsecured Claims.** These Claims shall be satisfied by a) the Debtor's monthly distribution of each Claimant's Pro Rata share of a pool of $1,500.00 per month to be contributed each month by the Debtor for a period of 84 months from the Effective Date. These Claims are Impaired, and the holders of these Claims are entitled to vote to accept or reject the Plan. These Claims are Impaired, and the holders of these Claims are entitled to vote to accept or reject the Plan.

**Class 18: Equity Interests.** Equity Interests shall be retained by the owners of said Interests.

### 6.5 Implementation of the Plan

The Debtor will make all payments under the Plan from the net profits generated by its business.

Risk factors. Although the Debtor believes the Plan satisfies all requirement necessary for Confirmation, there can be no assurance that the Court will reach the same conclusion. Moreover, there can be no assurance that modifications of the Plan will not be required for Confirmation or that such modifications would not necessitate the re-solicitation of votes to accept the Plan as modified.

### 6.6 Feasibility of the Plan

The Debtor believes the Plan is feasible because all creditors with Allowed Claims will be paid under fair and equitable terms. Projections for the feasibility of the Plan are attached hereto as **Exhibit "4"** and incorporated herein by this reference.

## 6.7 Provisions Regarding Distributions and Objections to Claims

**a. Time of Payment.** The first month in which payments will be made under this Plan will be as provided by the terms of this Plan.

**b. Delivery of Payment.** All payments or distributions required under this Plan shall be made to holder of the applicable Claim at: (i) the address set forth on the Proofs of Claim filed by such holders (or at the last known address of such holders if no Proof of Claim is filed or if the Debtor has been notified of a change of address); (ii) the address set forth in any written notices of address change delivered to the Debtor after the date of any related Proof of Claim; or (iii) if neither of the foregoing is applicable, at the addresses reflected in the Debtor' bankruptcy schedules, unless otherwise agreed to by the holder of such Claim and the Debtor.

**c. No Distribution Pending Allowance or Estimation of Claims.** No payments or distributions shall be made with respect to all or any portion of a Contested Claim unless and until such Claim becomes an Allowed Claim or Allowed Interest, as determined by Final Order. No holder of a Claim shall be entitled to any payment under the Plan if such holder has retained property of the Estate.

**d. Objections to Claims.** Any party authorized by the Bankruptcy Code may object to the allowance of prepetition Claims at any time prior to sixty (60) days after the Effective Date or, as to Claims based upon the Debtor's rejection pursuant to this Plan of an executory contract or unexpired lease, at any time prior to thirty (30) days after the filing of any such rejection Claim. Any Proof of Claim filed after the Bar Date shall be of no force and effect and shall be deemed disallowed. All Contested Claims shall be litigated to Final Order; provided, however, that the Reorganized Debtor may compromise and settle any Contested Claim, subject to the approval of the Bankruptcy Court. Notwithstanding the foregoing, a person who is found to have received a voidable transfer shall have thirty (30) days following the date upon which the order ruling that such transfer is avoidable becomes a Final Order in which to file a Claim in the amount of such avoided transfer.

**e. Suspension of Payments on Disputed Claims.** If any Claim has been objected to within the time required, the Debtor shall segregate and set aside, from the funds on hand for distribution to the Claimant's Class, funds sufficient to satisfy the payment otherwise due on the Claim according to the provisions of the Plan. In the event that the claim objection is overruled or a dispute is resolved favorably to the party asserting the Claim, then the funds shall be paid to the Creditor in accordance with applicable Class provisions. If the Disputed Claim is disallowed, the funds segregated in deference to the Claim shall be disbursed to other parties in interest, according to the applicable provisions of the Plan.

## 6.8 Executory Contracts

**General Rejection of Executory Contracts and Unexpired Leases.** Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the Effective Date or under this section of this Plan, or that are the subject of a pending motion to

assume, and if applicable assign, or that were entered after the Petition Date, the Debtor hereby is conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date. The Debtor intends to assume the contract with KLC Financial and will do so by separate motion prior to confirmation.

## ARTICLE VII. RESERVATION OF CLAIMS

### 7.1 Reservation of Claims and Causes of Action

Any and all claims, causes of action, cross claims, or counterclaims held or assertable by the Debtor, including but not limited to: (i) any claim or cause of action under a policy of liability insurance or otherwise; (ii) the Avoidance Actions; and (iii) any and all claims, causes of action, counterclaims, demands, controversies, against third parties on account of costs, debts, sums of money, accounts, reckonings, bonds, bills, damages, obligations, liabilities, objections, and executions of any nature, type, or description which the Debtor have or may come to have, including, but not limited to, negligence, gross negligence, usury, fraud, deceit, misrepresentation, conspiracy, unconscionability, duress, economic duress, defamation, control, interference with contractual and business relationships, conflicts of interest, misuse of insider information, concealment, disclosure, secrecy, misuse of collateral, wrongful release of collateral, failure to inspect, environmental due diligence, negligent loan processing and administration, wrongful setoff, violations of statutes and regulations of governmental entities, instrumentalities and agencies (both civil and criminal), racketeering activities, securities and antitrust violations, tying arrangements, deceptive trade practices, breach or abuse of fiduciary duty, breach of any alleged special relationship, course of conduct or dealing, obligation of fair dealing, obligation of good faith, whether or not in connection with or related to this Plan, at law or in equity, in contract or in tort, or otherwise, known or unknown, suspected or unsuspected, are hereby preserved and retained for enforcement by the Debtor as of the Confirmation Date. It is the intent of the Debtor that this reservation of claims shall be as broad as permitted by applicable law and shall include all claims, whether or not disclosed in the Debtor' Schedules and Statements.

### 7.2 Return of Fraudulent Transfers

Any Creditor determined to have received a transfer that is voidable pursuant to sections 544, 547, 548, 549, and/or 550 of the Bankruptcy Code or any other applicable law shall be required to remit to the Debtor the determined amount of the avoided transfer prior to receiving any distribution under this Plan.

## ARTICLE VIII. EFFECT OF CONFIRMATION, DISCHARGE, RELEASES AND INJUNCTION

### 8.1 Vesting of Property

On the Confirmation Date of the Plan, all property of the Estate shall vest in the Debtor pursuant to sections 1141(b) and (c) of the Bankruptcy Code, free and clear of all Claims and interests except as otherwise provided in this Plan. However, if the Plan is Confirmed as a non-consensual plan under the provisions of 11 U.S.C. section 1191(b), the property of the Estate will not re-vest in the Debtor on the Confirmation Date but will remain as property of the Estate until

the final payment is made under the Plan. This Plan will evidence the release of all Liens or encumbrances against all property dealt with by the Plan, unless such Lien or encumbrance is specifically retained in the Plan.

### 8.2 Plan Creates New Obligations

Except as otherwise provided in the Plan, (1) the payment terms promised in the Plan constitute new contractual obligations that replace any payment terms that existed prior to the Effective Date, and (2) all rights and obligations other than those new payment terms continue to apply.

### 8.3 Legal Binding Effect

The provisions of this Plan shall bind all holders of Claims and interests, whether or not they accept this Plan.

### 8.4 Discharge

The Debtor will be discharged from any debt that arose before Confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code.

### 8.5 Satisfaction of Claims and Interests

Except as otherwise provided by the Plan, the consideration distributed under the Plan shall be in complete satisfaction of all Claims of any Creditor, including Claims arising prior to the Effective Date.

### 8.6 Modification of the Plan

**Prior to Confirmation.** The Debtor may modify this Plan at any time prior to Confirmation, provided the modification complies with the requirements of sections 1122, 1123 and 1127 of the Bankruptcy Code. Upon the filing of any such modifications with the Bankruptcy Court, the Plan, as modified, becomes the Plan.

**After Confirmation.** The Debtor may modify the Plan at any time after Confirmation, upon compliance with Bankruptcy Code § 1127. The Debtor or their attorney shall provide notice of any such proposed modification to all Creditors and other parties in interest in these Chapter 11 proceedings. If, in the opinion of the Bankruptcy Court, the modification does not materially and adversely affect the interest of the Creditors, the Bankruptcy Court may modify the Plan without notice to Creditors or may modify the Plan upon notice only to those Creditors that the Bankruptcy Court deems to be materially and adversely affected.

### 8.7 Retention of Jurisdiction

The Bankruptcy Court shall retain jurisdiction over this Bankruptcy Case after Confirmation of the Plan to the fullest extent provided for, or allowed, under the Bankruptcy Code and other applicable law. Specifically, but not by way of limitation, the Bankruptcy Court shall retain jurisdiction for the following purposes:

**a.** to consider and effect any modification of this Plan under Bankruptcy Code § 1127;

**b.** to hear and determine all controversies, suits and disputes that arise in connection with the interpretation, implementation, effectuation, consummation or enforcement of this Plan;

**c.** to hear and determine all requests for compensation and/or reimbursement of expenses for the period commencing on the Petition Date through the Confirmation Date;

**d.** to hear and determine all objections to Claims and Interests, and to determine the appropriate classification of any Claim or Interest, and other controversies, suits and disputes that may be pending at or initiated after the Confirmation Date, except as provided in the Confirmation Order;

**e.** to hear and determine all causes of action;

**f.** to consider and act on such other matters consistent with this Plan as may be provided in the Confirmation Order;

**g.** to make such Orders as are necessary and appropriate to carry out and implement the provisions of this Plan; including to effect the further assurances provided in this Plan;

**h.** to approve the reasonableness of any payments made or to be made, within the meaning of Bankruptcy Code § 1129(a)(4);

**i.** to exercise the jurisdiction granted pursuant to sections 505(a) and (b) of the Bankruptcy Code to determine any and all federal, state, Commonwealth, local and foreign tax liabilities of, and any and all refunds of such taxes paid by the Debtor;

**j.** to hear and determine any issues or matters in connection with any property not timely claimed as provided in this Plan; and

**k.** to determine any and all motions, applications, adversary proceedings and Contested matters whether pending in the Case as of the Effective Date or brought subsequently by the Debtor.

Nothing contained herein shall be construed to limit the rights of the Debtor to commence or prosecute any claim in any court of competent jurisdiction.

**8.8 <u>Temporary Injunction</u>**

Except as otherwise expressly provided in, or permitted under, this Plan, the Confirmation Order shall provide, among other things, that all Creditors and persons who have held, hold, or may hold Claims or Interests against the Debtor, are enjoined on and after the Effective Date as long as the Plan is not in default and has not been completed against the: (i) commencement or

continuation of any judicial, administrative, or other action or proceeding against the Debtor or any third-party guarantor on account of Claims against the Debtor; (ii) enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against the Debtor or any third-party guarantor or any assets or property of same; or (iii) creation, perfection, or enforcement of any encumbrance of any kind against the Debtor or any third-party guarantor arising from a Claim. Such injunction expires at the end of the Plan term at which time all Allowed Claims will have been paid in accordance with the terms of the Plan.

## ARTICLE IX. MISCELLANEOUS PROVISIONS

### 9.1 Request for Relief Under Bankruptcy Code § 1129(b)

In the event any Impaired Class of Claims or Interests shall fail to accept this Plan in accordance with Bankruptcy Code § 1129(a), the Debtor requests that the Bankruptcy Court confirm this Plan in accordance with the provisions of Bankruptcy Code § 1129(b).

### 9.2 Headings

All headings utilized in this Plan are for convenience and reference only and shall not constitute a part of this Plan for any other purpose.

### 9.3 Due Authorization

Each and every Claimant who elects to participate in the distributions provided for herein warrants that such Claimant is authorized to accept, in consideration of such Claim against the Debtor, the distributions provided for in this Plan and that there are not outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by such Claimant under this Plan.

### 9.4 Further Assurances and Authorizations

The Debtor shall seek such orders, judgments, injunctions, and rulings that may be required to carry out further the intentions and purposes, and to give full effect to the provisions of, this Plan.

### 9.5 Applicable Law

Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties, and obligations arising under this Plan shall be governed by and construed and enforced in accordance with the internal laws of the State of Texas without reference to the laws of other jurisdictions.

### 9.6 No Interest

Except as expressly stated in this Plan, or allowed by the Bankruptcy Court, no interest, penalty, or late charge is to be Allowed on any Claim subsequent to the Petition Date.

**9.7 Post-Confirmation Actions**

After Confirmation, the Debtor may, with the approval of the Bankruptcy Court, and so long as it does not materially or adversely affect the interests of the Creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and effect of the Plan.

**9.8 Notices of Default**

In the event of a default under the Plan, the affected Claimant or its counsel shall provide notice to counsel for the Debtor/Reorganized Debtor. The Debtor/Reorganized Debtor shall have twenty (20) days to cure the default. In the event the Debtor/Reorganized Debtor fails to cure the default within 20 days after receipt of notice, the Claimant shall be entitled to pursue collection of all amounts owed pursuant to state law outside of the Bankruptcy Court. The Debtor/Reorganized Debtor shall only be entitled to two notices of default. In the event of a third default, the Claimant shall be entitled to pursue collection of all amounts owed pursuant to state law outside the Bankruptcy Court without further notice.

**9.9 Notices**

All notices, requests, elections, or demands in connection with the Plan shall be in writing and shall be deemed to have been given when received or, if mailed, five (5) days after the date of mailing provided such writing shall have been sent by registered or certified mail, postage prepaid, return receipt requested. A copy of all notices provided to the Debtor under this Plan shall be sent to: (i) the Debtor at 3303 Agate Trail, Forney, TX 75126 and (ii) the Debtor's attorney, Joyce W. Lindauer, Joyce W. Lindauer Attorney, PLLC, 117 S. Dallas St., Ennis, Texas 75119 Telephone: (972) 503-4033; Fax: (972) 503-4034; Email: joyce@joycelindauer.com.

**9.10 Payment Dates**

Whenever any payment or distribution to be made under the Plan shall be due on a day other than a Business Day, such payment or distribution shall instead be made, without interest, on the next Business Day, except as may be provided in negotiable instruments requiring such payments.

**9.11 De Minimis Distribution**

No single distribution payment of less than $5.00 shall be required to be made to any holder of an Allowed Claim. Rather, any such de minimis distribution amount shall be held by the Debtor, added to the amount of the next distribution, and remitted to the holder of the Allowed Claim upon reaching a total greater than $5.00.

Dated: May 13, 2026.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas St.
Ennis TX 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Debtor

*/s/ Aubrey Deckard*

Aubrey Deckard
Owner of the Debtor

# EXHIBIT “1”

**ADC & T, LLC**

**4/27/2026**

| Source: | MOR P&L statements |
|---|---|
| Nr of months: | 9 |

Note: December MOR did not include a P&L statement. Therefore, totals from the income statement were used to project line-item figures based upon the average distributions for the detailed months.

Revenue and Expense Overview

| MOR: | Jun-25 | Jul-25 | Sep-25 | Oct-25 | Nov-25 | Dec-25 | Jan-26 | Feb-26 | Mar-26 | Average |
|---|---|---|---|---|---|---|---|---|---|---|
| A. Gross Revenue | $ 4,001.94 | $ 326,020.88 | $ 61,919.04 | $ 137,447.93 | $ 614,726.37 | $ 851,155.00 | $ 724,378.18 | $ 712,864.85 | $ 669,858.75 | $ 455,819.22 |
| B. Expenses (excl. reorganization) | $ 108,610.20 | $ 308,032.89 | $ 39,015.47 | $ 72,325.34 | $ 515,205.08 | $ 644,726.00 | $ 812,684.45 | $ 700,887.60 | $ 643,708.88 | $ 427,243.99 |
| D. Net Income (A - B) | $ (104,608.26) | $ 17,987.99 | $ 22,903.57 | $ 65,122.59 | $ 99,521.29 | $ 206,429.00 | $ (88,306.27) | $ 11,977.25 | $ 26,149.87 | $ 28,575.23 |

| Revenue | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Income - Transportation Services | $ 4,000.00 | $ 320,227.45 | $ 38,100.00 | $ 80,773.14 | $ 614,726.37 | $ 828,564.86 | $ 724,378.18 | $ 712,864.85 | $ 669,858.75 | $ 443,721.51 |
| Income - Repair Service | | $ 5,793.43 | $ 23,819.04 | $ 47,674.74 | | $ 20,233.46 | | | | $ 10,835.63 |
| Income - Equipment Lease | | | | $ 9,000.00 | | $ 2,356.16 | | | | $ 1,261.80 |
| Income - Interest | $ 1.94 | | | $ 0.05 | | $ 0.52 | | | | $ 0.28 |
| Totals | $ 4,001.94 | $ 326,020.88 | $ 61,919.04 | $ 137,447.93 | $ 614,726.37 | $ 851,155.00 | $ 724,378.18 | $ 712,864.85 | $ 669,858.75 | $ 455,819.22 |

| Expenses (Excluding Reorganization) | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Advertising & Marketing | $ 649.50 | $ 475.81 | $ 182.00 | $ 927.16 | $ 2,586.95 | $ 2,486.83 | $ 3,777.52 | $ 1,555.09 | $ 2,190.78 | $ 1,647.96 |
| Bank Charges/Fees | $ 18.10 | $ 21.05 | $ 270.33 | $ 287.30 | $ 403.16 | $ 499.76 | $ 554.60 | $ 450.97 | $ 475.34 | $ 331.18 |
| Building Maintenance | | | $ 485.56 | | $ 463.89 | $ 2,016.18 | $ 8,679.00 | $ 380.00 | | $ 1,336.07 |
| Charitable Contributions | | | $ 100.00 | | | $ 20.14 | | | | $ 13.35 |
| Contract Labor | $ 4,763.00 | $ 218,233.13 | $ 21,055.22 | $ 45,619.59 | $ 452,478.43 | $ 490,412.70 | $ 672,304.33 | $ 511,214.03 | $ 508,779.00 | $ 324,984.38 |
| Contractors | | $ 9,203.56 | | | | $ 23,557.27 | $ 18,501.93 | $ 44,448.41 | $ 44,786.23 | $ 15,610.82 |
| Dues & Subscriptions | | | | | $ 1,395.00 | $ 1,065.41 | $ 124.44 | $ 1,715.14 | $ 2,054.19 | $ 706.02 |
| Gifts | $ 300.00 | | | | | $ 60.43 | | | | $ 40.05 |
| Insurance | $ 40,708.02 | $ (1,305.47) | $ 1,207.16 | $ 2,619.64 | $ 23,895.46 | $ 36,576.13 | $ 47,935.12 | $ 32,996.05 | $ 33,510.77 | $ 24,238.10 |
| Job Supplies | | $ 414.30 | | $ 120.04 | | $ 107.64 | | | | $ 71.33 |
| Legal & Professional (incl safety compliance, drug tests, etc) | $ 131.46 | $ 7.50 | $ 3,396.85 | $ 4,262.04 | $ 11,824.52 | $ 7,215.21 | $ 7,340.52 | $ 4,735.70 | $ 4,118.25 | $ 4,781.34 |
| Meals | $ 1,337.26 | $ 264.64 | $ 288.14 | $ 348.55 | $ 1,411.70 | $ 2,007.73 | $ 2,427.31 | $ 1,641.97 | $ 2,246.97 | $ 1,330.47 |
| Office Supplies & Software | $ 385.18 | $ 1,540.50 | $ 1,855.10 | $ 723.56 | $ 442.55 | $ 4,698.37 | $ 8,026.97 | $ 6,064.15 | $ 4,285.05 | $ 3,113.49 |
| Online Processing Fees | $ 33.66 | $ 10.00 | | $ 14.79 | $ 15.13 | $ 25.32 | $ 24.38 | $ 27.75 | | $ 16.78 |
| Other Business Expenses | | | | | $ 124.15 | $ 84.45 | | | $ 295.08 | $ 55.96 |
| Rent & Lease - Equipment and Tools | | | | | | $ 322.32 | $ 1,600.00 | | | $ 213.59 |
| Rent & Lease - Storage | $ 397.20 | $ 402.19 | | $ 778.20 | $ 381.00 | $ 639.67 | $ 381.00 | $ 454.80 | $ 381.00 | $ 423.90 |
| Rent & Lease - Trailer | | | | | | $ 5.04 | | | $ 25.00 | $ 3.34 |
| Rent & Lease - Yard | | $ 16,884.83 | | | | $ 4,529.51 | $ 5,600.00 | | | $ 3,001.59 |
| Supplies & Materials | | | | | $ 444.85 | $ 672.62 | | | $ 2,894.09 | $ 445.73 |
| Taxes & Licenses | $ 1,105.86 | | $ 1,465.34 | | $ 386.95 | $ 1,603.39 | | $ 5,001.20 | | $ 1,062.53 |
| Travel | $ 363.78 | | $ 1,794.36 | $ 2,715.19 | $ 2,073.21 | $ 4,380.00 | $ 3,040.80 | $ 7,069.20 | $ 4,686.14 | $ 2,902.52 |
| Shipping, Freight and Delivery | | $ 233.08 | | | | $ 69.83 | | $ 113.54 | | $ 46.27 |
| Truck Expense (fuel, registration, repairs) | $ 56,728.02 | $ 56,383.78 | $ 4,537.39 | $ 5,326.02 | $ 11,825.09 | $ 49,729.48 | $ 19,270.07 | $ 74,133.27 | $ 18,657.34 | $ 32,954.50 |
| Uncategorized Expense | | $ 4,000.00 | | | | $ 805.79 | | | | $ 533.98 |
| Uniforms | | | | | | $ 1,392.94 | $ 2,752.31 | | $ 4,162.37 | $ 923.07 |
| Utilities | $ 1,442.36 | $ 1,263.99 | $ 2,378.02 | $ 8,398.19 | $ 4,903.44 | $ 6,838.21 | $ 4,909.27 | $ 4,885.11 | $ 5,765.02 | $ 4,531.51 |
| Vehicle Fuel and repairs (other than truck) | $ 246.80 | | | $ 185.07 | $ 149.60 | $ 2,903.63 | $ 5,434.88 | $ 4,001.22 | $ 4,396.26 | $ 1,924.16 |
| Totals | $ 108,610.20 | $ 308,032.89 | $ 39,015.47 | $ 72,325.34 | $ 515,205.08 | $ 644,726.00 | $ 812,684.45 | $ 700,887.60 | $ 643,708.88 | $ 427,243.99 |

| Reorganization Expenses | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Professional Fees | | | | | | | | | | |
| US Trustee Fees | | | | | | | | | | |
| Other | | | | | | | | | | |
| Totals | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

# EXHIBIT "2"

Fill in this information to identify the case:

Debtor Name **ADC and T LLC**

United States Bankruptcy Court for the: **Northern** District of **Texas** (State)

Case number (If known): **25-32569-swe**

☑ Check if this is an amended filing

# Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property

12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

### Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|
| 2. **Cash on hand** | | | **$10.00** |
| 3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)* | | | |
| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| 3.1. **First Citizens (Business)** | **Checking account** | **9 0 8 4** | **$0.00** |
| 3.2. **Hancock Whitney (Business)** | **Checking account** | **2 0 7 9** | **$0.00** |
| 4. **Other cash equivalents** *(Identify all)* | | | |
| 4.1 | | | |
| 4.2 | | | |
| 5. **Total of Part 1**<br>Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. | | | **$10.00** |

### Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| 7. **Deposits, including security deposits and utility deposits** | |
| Description, including name of holder of deposit | |
| 7.1 | |

7.2 ______________________________ ______________

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1 ______________________________ ______________

8.2 ______________________________ ______________

9. **Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.

## Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

| | face amount | | doubtful or uncollectible accounts | | Current value of debtor's interest |
|---|---|---|---|---|---|
| **11. Accounts receivable** | | | | | |
| 11a. 90 days old or less: | **$0.00** | - | **unknown** | =..... ➔ | **unknown** |
| 11b. Over 90 days old: | | - | | =..... ➔ | |

12. **Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

## Part 4: Investments

13. **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| **14. Mutual funds or publicly traded stocks not included in Part 1** | | |
| Name of fund or stock: | | |
| 14.1 | | |
| 14.2 | | |

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

| Name of entity: | % of ownership: | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 15.1. | | | |
| 15.2. | | | |

Debtor **ADC and T LLC** Case number *(if known)* **25-32569-swe**
Name

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1 ______

16.2 ______

17. **Total of Part 4**

Add lines 14 through 16. Copy the total to line 83. ______

## Part 5: Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

❑ No. Go to Part 6.
☑ Yes. Fill in the information below.

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 19. | **Raw materials** | | | | |
| | | MM / DD / YYYY | | | |
| 20. | **Work in progress** | | | | |
| | | MM / DD / YYYY | | | |
| 21. | **Finished goods, including goods held for resale** | | | | |
| | | MM / DD / YYYY | | | |
| 22. | **Other inventory or supplies** | | | | |
| | **Vehicle Parts and Tires** | MM / DD / YYYY | **unknown** | | **$4,000.00** |

23. **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84. **$4,000.00**

24. **Is any of the property listed in Part 5 perishable?**

☑ No
❑ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☑ No
❑ Yes. Book value ______ Valuation method ______ Current value ______

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑ No
❑ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

Debtor **ADC and T LLC** Case number *(if known)* **25-32569-swe**
Name

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | | | |
| 29. **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |

33. **Total of Part 6**
Add lines 28 through 32. Copy the total to line 85.

34. **Is the debtor a member of an agricultural cooperative?**

☐ No
☐ Yes. Is any of the debtor's property stored at the cooperative?
  ☐ No
  ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No
☐ Yes. Book value ________ Valuation method ________ Current value ________

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No
☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No
☐ Yes

## Part 7: Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
☑ Yes. Fill in the information below.

Debtor **ADC and T LLC** Case number *(if known)* **25-32569-swe**
Name

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 39. | **Office furniture** | | | |
| | **Chairs, Desk, Filing Cabinets, Paper, Office Supplies** | **unknown** | | **$500.00** |
| 40. | **Office fixtures** | | | |
| | | | | |
| 41. | **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| | **Printer, Computer, Shredder** | **unknown** | | **$250.00** |
| 42. | **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| | 42.1 | | | |
| | 42.2 | | | |
| | 42.3 | | | |
| 43. | **Total of Part 7**<br>Add lines 39 through 42. Copy the total to line 86. | | | **$750.00** |

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☑ No
☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No
☐ Yes

## Part 8: Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.
☑ Yes. Fill in the information below.

| | General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 47. | **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| | 47.1 **2019 Freightler CA126 Cascadia / VIN: 6158** | **unknown** | | **$45,000.00** |
| | 47.2 **2024 Ford Super Duty F-450 King Ranch 4wd / VIN: 8611** | **unknown** | | **$115,000.00** |
| | 47.3 **Ford F-250 / VIN: 8410** | **unknown** | | **$50,000.00** |

Debtor **ADC and T LLC** Case number *(if known)* **25-32569-swe**
Name

| | | | | |
|---|---|---|---|---|
| 47.4 | **2019 Freightliner Glider / VIN: 2786** | **unknown** | | **$42,000.00** |
| 47.5 | **2018 Freightliner Cascadia / VIN: 1895** | **unknown** | | **$21,000.00** |
| 47.6 | **2014 Freightliner CA125 / VIN: 6892** | **unknown** | | **$15,000.00** |
| 47.7 | **Forklift / VIN: 3012** | **unknown** | | **$60,000.00** |
| 47.8 | **2017 Peterbilt 579 / VIN: 8743** | **unknown** | | **$15,000.00** |
| 47.9 | **2017 Peterbilt 579 / VIN: 8747** | **unknown** | | **$15,000.00** |
| 47.10 | **2017 Peterbilt 579 / VIN: 8760** | **unknown** | | **$15,000.00** |
| 47.11 | **2017 Peterbilt 579 / VIN: 8748** | **unknown** | | **$15,000.00** |
| 47.12 | **2017 Peterbilt 579 / VIN: 8752** | **unknown** | | **$15,000.00** |
| 47.13 | **2017 Peterbilt 579 / VIN: 9321** | **unknown** | | **$15,000.00** |
| 47.14 | **2017 Peterbilt 579 / VIN: 9327** | **unknown** | | **$15,000.00** |
| 47.15 | **2017 Peterbilt 579 / VIN: 9329** | **unknown** | | **$15,000.00** |
| 47.16 | **2017 Peterbilt 579 / VIN: 9330** | **unknown** | | **$15,000.00** |
| 47.17 | **Liu Gong Wheel Loader / VIN: 920H** | **unknown** | | **$140,000.00** |
| 47.18 | **2024 LuiGong CLG2160H Forklift / VIN: 9621** | **unknown** | | **$125,000.00** |
| 47.19 | **2025 Ace Sand Hopper / VIN: 0221** | **unknown** | | **$35,000.00** |
| 47.20 | **Maxxim Aluminum Sand Trailer / VIN: 4168** | **unknown** | | **$25,000.00** |
| 47.21 | **2024 Dodge Ram 3500 / VIN: 8536** | **unknown** | | **$100,000.00** |
| 47.22 | **2023 Mercedes-Benz S Class / VIN: 0197** | **unknown** | | **$120,000.00** |
| 47.23 | **2018 Frieghtliner Cascadia / VIN: 1520** | **unknown** | | **$18,000.00** |
| 47.24 | **2019 Freightliner PX12664 / VIN: 7635** | **unknown** | | **$18,000.00** |
| 47.25 | **2024 Ford F150 / VIN: 9892** | **unknown** | | **$61,926.64** |
| 47.26 | **2024 Ford F150 / VIN: 97118** | **unknown** | | **$58,161.79** |
| 47.27 | **2024 Ford F150 / VIN: 8715** | **unknown** | | **$58,161.79** |
| 47.28 | **2024 Ford Explorer / VIN: 2743** | **unknown** | | **$50,513.27** |
| 47.29 | **2024 Ford F150 / VIN: 9414** | **unknown** | | **$57,974.40** |
| 47.30 | **VIN: xxxxxx7058 Paisano Sand Chassis** | **unknown** | | **unknown** |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | | |
|---|---|---|---|---|
| 48.1 | **2023 ACE Chassis Trailer SC804023L / VIN: 7374** | **unknown** | | **$20,000.00** |
| 48.2 | **2024 EXA Vacuum Steel 130 BBL Trailer / VIN: 4514** | **unknown** | | **$35,000.00** |

| | | | |
|---|---|---|---|
| 48.3 | **2025 MAC WLW /** VIN: 0893 | **unknown** | **$51,000.00** |

Debtor **ADC and T LLC** Case number *(if known)* **25-32569-swe**
Name

| | | | | |
|---|---|---|---|---|
| 48.4 | **2025 MAC WLW / VIN: 0896** | **unknown** | | **$51,000.00** |
| 48.5 | **2023 ACE Chassis Trailer SC804023L / VIN: 7372** | **unknown** | | **$20,000.00** |
| 48.6 | **2054 Cajas S. Blatz Sand Trailer / VIN: 9084** | **unknown** | | **$40,000.00** |
| 48.7 | **2024 EXA Vacuum 130 BBL Steel Trailer / VIN: 4529** | **unknown** | | **$35,000.00** |
| 48.8 | **2023 ACE Chassis Trailer SC804023L / VIN: 5324** | **unknown** | | **$20,000.00** |
| 48.9 | **2023 ACE Chassis Trailer SC804023L / VIN: 5322** | **unknown** | | **$20,000.00** |
| 48.10 | **2023 Ace Chassis Trailer SC804023L / VIN: 5321** | **unknown** | | **$20,000.00** |
| 48.11 | **2023 ACE Chassis Trailer SC804023L / VIN: 7373** | **unknown** | | **$20,000.00** |
| 48.12 | **2024 EXA Vacuum Steel 130BBL Trailer / VIN: 4515** | **unknown** | | **$35,000.00** |
| 48.13 | **2024 EXA Vacuum Steel 130BBL Trailer / VIN: 4517** | **unknown** | | **$35,000.00** |
| 48.14 | **2024 EXA Vacuum Steel 130BBL Trailer / VIN: 4518** | **unknown** | | **$35,000.00** |
| 48.15 | **2025 MAC WLW / VIN: 0897** | **unknown** | | **$51,000.00** |
| 48.16 | **2025 MAC WLW / VIN: 0898** | **unknown** | | **$51,000.00** |
| 48.17 | **2025 MAC WLW / VIN: 0899** | **unknown** | | **$51,000.00** |
| 48.18 | **2025 MAC WLW / VIN: 0900** | **unknown** | | **$51,000.00** |
| 48.19 | **2025 MAC WLW / VIN: 0901** | **unknown** | | **$51,000.00** |
| 48.20 | **2025 MAC WLW / VIN: 0895** | **unknown** | | **$51,000.00** |
| 48.21 | **2025 MAC WLW / VIN: 0874** | **unknown** | | **$51,000.00** |
| 48.22 | **2024 EXA Vacuum 130BBL Steel Trailer / VIN: 4526** | **unknown** | | **$35,000.00** |
| 48.23 | **2024 EXA Vacuum 130BBL Steel Trailer / VIN: 4527** | **unknown** | | **$35,000.00** |
| 48.24 | **2024 EXA Vacuum 130BBL Steel Trailer / VIN: 4528** | **unknown** | | **$35,000.00** |
| 48.25 | **2024 Cajas S. Blatz Sand Trailer / VIN: 9082** | **unknown** | | **$40,000.00** |
| 48.26 | **Maxxim Aluminum Sand Trailer / VIN: 4162** | **unknown** | | **$25,000.00** |
| 48.27 | **2024 Cajas S. Blatz Sand Trailer / VIN: 9083** | **unknown** | | **$40,000.00** |
| 48.28 | **2024 Cajas S. Blatz Sand Trailer / VIN: 9085** | **unknown** | | **$40,000.00** |
| 48.29 | **2024 Cajas S. Blatz Sand Trailer / VIN: 9086** | **unknown** | | **$40,000.00** |
| 48.30 | **2024 Cajas S. Blatz Sand Trailer / VIN: 9087** | **unknown** | | **$40,000.00** |
| 48.31 | **2024 Cajas S. Blatz Sand Trailer / VIN: 9088** | **unknown** | | **$40,000.00** |
| 48.32 | **2024 Cajas S. Blatz Sand Trailer / VIN: 9089** | **unknown** | | **$40,000.00** |
| 48.33 | **2024 Paisano Sand Chassis / VIN: 7055** | **unknown** | | **$25,000.00** |
| 48.34 | **2024 Paisano Sand Chassis / VIN: 7056** | **unknown** | | **$25,000.00** |

| | | | |
|---|---|---|---|
| 48.35 | **2024 Paisano Sand Chassis /** VIN: 7057 | **unknown** | **$25,000.00** |

| | | | | |
|---|---|---|---|---|
| 48.36 | **2025 Ace Sand Hopper / VIN: 0220** | **unknown** | | **$35,000.00** |
| 48.37 | **Maxxim Aluminum Sand Trailer / VIN: 4160** | **unknown** | | **$25,000.00** |
| 48.38 | **2025 E&R Industrial Belly Dump / VIN: 7035** | **unknown** | | **unknown** |
| 48.39 | **Maxxim Aluminum Sand Trailer / VIN: 4161** | **unknown** | | **$25,000.00** |
| 48.40 | **2025 E&R Industrial Belly Dump / VIN: 7036** | **unknown** | | **unknown** |
| 48.41 | **Maxxim Aluminum Sand Trailer / VIN: 4163** | **unknown** | | **$25,000.00** |
| 48.42 | **Maxxim Aluminum Sand Trailer / VIN: 4164** | **unknown** | | **$25,000.00** |
| 48.43 | **Maxxim Aluminum Sand Trailer / VIN: 4165** | **unknown** | | **$25,000.00** |
| 48.44 | **Maxxim Aluminum Sand Trailer / VIN: 4166** | **unknown** | | **$25,000.00** |
| 48.45 | **Maxxim Aluminum Sand Trailer / VIN: 4167** | **unknown** | | **$25,000.00** |
| 48.46 | **Maxxim Aluminum Sand Trailer / VIN: 4168** | **unknown** | | **$25,000.00** |
| 48.47 | **Maxxim Aluminum Sand Trailer / VIN: 4169** | **unknown** | | **$25,000.00** |
| 48.48 | **Maxxim Aluminum Sand Trailer / VIN: 4192** | **unknown** | | **$25,000.00** |
| 48.49 | **Maxxim Aluminum Sand Trailer / VIN: 4193** | **unknown** | | **$25,000.00** |
| 48.50 | **Maxxim Aluminum Sand Trailer / VIN: 4194** | **unknown** | | **$25,000.00** |
| 48.51 | **Maxxim Aluminum Sand Trailer / VIN: 4195** | **unknown** | | **$25,000.00** |
| 48.52 | **Maxxim Aluminum Sand Trailer / VIN: 4196** | **unknown** | | **$25,000.00** |
| 48.53 | **Maxxim Aluminum Sand Trailer / VIN: 4197** | **unknown** | | **$25,000.00** |
| 48.54 | **Maxxim Aluminum Sand Trailer / VIN: 4198** | **unknown** | | **$25,000.00** |
| 48.55 | **2023 Paisano Sand Trailer / VIN: 7426** | **unknown** | | **$15,000.00** |
| 48.56 | **2023 Paisano Sand Trailer / VIN: 7427** | **unknown** | | **$15,000.00** |
| 48.57 | **2023 Paisano Sand Trailer / VIN: 7431** | **unknown** | | **$15,000.00** |
| 48.58 | **2023 Paisano Sand Trailer / VIN: 7430** | **unknown** | | **$15,000.00** |
| 48.59 | **2023 Paisano Sand Trailer / VIN: 7428** | **unknown** | | **$15,000.00** |
| 48.60 | **Dustrail White Aluminum Sand Trailer / VIN: 7040** | **unknown** | | **$30,000.00** |
| 48.61 | **Dustrail White Aluminum Sand Trailer / VIN: 7041** | **unknown** | | **$30,000.00** |
| 48.62 | **Dustrail White Aluminum Sand Trailer / VIN: 7042** | **unknown** | | **$30,000.00** |
| 48.63 | **Dustrail White Aluminum Sand Trailer / VIN: 7043** | **unknown** | | **$30,000.00** |
| 48.64 | **Dustrail White Aluminum Sand Trailer / VIN: 7044** | **unknown** | | **$30,000.00** |
| 48.65 | **Dustrail White Aluminum Sand Trailer / VIN: 7045** | **unknown** | | **$30,000.00** |
| 48.66 | **Dustrail White Aluminum Sand Trailer / VIN: 7046** | **unknown** | | **$30,000.00** |

| | | |
|---|---|---|
| 48.67 **Dustrail White Aluminum Sand Trailer /** VIN: 7047 | **unknown** | **$30,000.00** |

Debtor **ADC and T LLC** Name Case number *(if known)* **25-32569-swe**

| | | | |
|---|---|---|---|
| 48.68 **Dustrail White Aluminum Sand Trailer / VIN: 7048** | **unknown** | | **$30,000.00** |
| 48.69 **Dustrail White Aluminum Sand Trailer / VIN: 7049** | **unknown** | | **$30,000.00** |
| 48.70 **2019 Freightliner Cascadia / VIN: 8854** | **unknown** | | **$18,000.00** |
| 48.71 **2025 ACE Sand Hopper Trailer / VIN: 0219** | **unknown** | | **$33,000.00** |
| 48.72 **2025 ACE Sand Hopper Trailer / VIN: 0218** | **unknown** | | **$33,000.00** |
| 48.73 **2025 ACE Sand Hopper Trailer / VIN: 0216** | **unknown** | | **$33,000.00** |
| 48.74 **2025 ACE Sand Hopper Trailer / VIN: 0215** | **unknown** | | **$33,000.00** |
| 48.75 **2025 ACE Sand Hopper Trailer / VIN: 0214** | **unknown** | | **$33,000.00** |
| 48.76 **2025 ACE Sand Hopper Trailer / VIN: 0212** | **unknown** | | **$33,000.00** |
| 48.77 **2025 ACE Sand Hopper Trailer / VIN: 0213** | **unknown** | | **$33,000.00** |
| 48.78 **2025 ACE Sand Hopper Trailer / VIN: 0211** | **unknown** | | **$33,000.00** |
| 48.79 **2025 ACE Sand Hopper Trailer / VIN: 0209** | **unknown** | | **$33,000.00** |
| 48.80 **2025 ACE Sand Hopper Trailer / VIN: 0208** | **unknown** | | **$33,000.00** |
| 48.81 **2025 ACE Sand Hopper Trailer / VIN: 0222** | **unknown** | | **$33,000.00** |
| 48.82 **2025 ACE Sand Hopper Trailer / VIN: 0228** | **unknown** | | **$33,000.00** |
| 48.83 **2025 ACE Sand Hopper Trailer / VIN: 0223** | **unknown** | | **$33,000.00** |
| 48.84 **2025 ACE Sand Hopper Trailer / VIN: 0224** | **unknown** | | **$33,000.00** |
| 48.85 **2025 ACE Sand Hopper Trailer / VIN: 0225** | **unknown** | | **$33,000.00** |
| 48.86 **2025 E&R Industrial Belly Dump / VIN: 7037** | **unknown** | | **unknown** |
| 48.87 **2025 E&R Industrial Belly Dump / VIN: 7038** | **unknown** | | **unknown** |
| 48.88 **2025 E&R Industrial Belly Dump / VIN: 7039** | **unknown** | | **unknown** |

49. **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1 | | | |
| 49.2 | | | |

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| **2023 Holmes DTU Gen II / 20,000 Winch / VIN: 9041 20,000 lb Winch, Standard Fork Package, Winch Cable, Front Mounting Bracket, Safety Chains, Chain End Caps, Wet Kit, PTO Pump, Tank, Hoses, DTU Wer Kit** | **unknown** | | **$38,000.00** |
| **VIN: xxxxxx7633 Paisano Sand Chassis** | **unknown** | | **unknown** |
| **VIN: xxxxxx7048 Paisano Sand Chassis** | **unknown** | | **unknown** |
| **VIN: xxxxxx7059 Paisano Sand Chassis** | **unknown** | | **unknown** |
| **VIN: xxxxxx7060 Paisano Sand Chassis** | **unknown** | | **unknown** |

Debtor **ADC and T LLC** Case number *(if known)* **25-32569-swe**
Name

| | | | |
|---|---|---|---|
| **VIN: xxxxxx7061 Paisano Sand Chassis** | **unknown** | | **unknown** |
| **VIN: xxxxxx7062 Paisano Sand Chassis** | **unknown** | | **unknown** |

51. **Total of Part 8**
Add lines 47 through 50. Copy the total to line 87. **$3,990,737.89**

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
- ☑ No
- ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes

**Part 9:** Real property

54. **Does the debtor own or lease any real property?**
- ☐ No. Go to Part 10.
- ☑ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| **Description and location of property** Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | **Nature and extent of debtor's interest in property** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|---|
| 55.1 **2024 Five Bedroom Five Bathroom Portable Housing Structure / 3303 Agate Trail Forney, TX 75126** | **Lease** | **unknown** | | **$0.00** |
| 55.2 **Facility Building / 12209 Tx 115 Wink , TX 79789** | **Lease ( ADC and T LLC Pays Rent and Uses Rent as Mortgage Payments)** | **unknown** | | **$0.00** |

56. **Total of Part 9**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88. **$0.00**

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
- ☑ No
- ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes

**Part 10:** Intangibles and intellectual property

Debtor **ADC and T LLC** Case number *(if known)* **25-32569-swe**

Name

59. **Does the debtor have any interests in intangibles or intellectual property?**

❑ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61. **Internet domain names and websites** | | | |
| **ADC and T LLC Website** | **unknown** | | **$0.00** |
| 62. **Licenses, franchises, and royalties** | | | |
| **Motor Carrier Certificate for Trucking Business** | **unknown** | | **$0.00** |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| **Customer List** | **unknown** | | **$0.00** |
| 64. **Other intangibles, or intellectual property** | | | |
| 65. **Goodwill** | | | |

66. **Total of Part 10**
Add lines 60 through 65. Copy the total to line 89. **$0.00**

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☑ No

❑ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No

❑ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No

❑ Yes

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

❑ No. Go to Part 12.

☑ Yes. Fill in the information below.

**Current value of debtor's interest**

Debtor **ADC and T LLC** Case number *(if known)* **25-32569-swe**
Name

71. **Notes receivable**

Description (include name of obligor)

______ Total face amount ______ – doubtful or uncollectible amount ______ = ➔ ______

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

______ Tax year ______ ______

______ Tax year ______ ______

______ Tax year ______ ______

73. **Interests in insurance policies or annuities**

| | |
|---|---|
| **Truck Insurance on Vehicles** | **$0.00** |

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

| | |
|---|---|
| **Loewen Bilt LLC (Paid for Trailers that were not delivered)** | **$200,000.00** |

**Nature of claim** ______

**Amount requested** **unknown**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

______ ______

**Nature of claim** ______

**Amount requested** ______

76. **Trusts, equitable or future interests in property**

______ ______

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

______ ______

______ ______

78. **Total of Part 11**

Add lines 71 through 77. Copy the total to line 90. **$200,000.00**

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

- ☑ No
- ☐ Yes

Debtor **ADC and T LLC** Case number *(if known)* **25-32569-swe**
Name

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| | Type of property | Current value of personal property | | Current value of real property |
|---|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $10.00 | | |
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | | | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | unknown | | |
| 83. | **Investments.** *Copy line 17, Part 4.* | | | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | $4,000.00 | | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $750.00 | | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $3,990,737.89 | | |
| 88. | **Real property.** *Copy line 56, Part 9.*............ | ➔ | | $0.00 |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | + $200,000.00 | | |
| 91. | **Total.** *Add lines 80 through 90 for each column*............91a. | $4,195,497.89 | + 91b. | $0.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ............ **$4,195,497.89**

# EXHIBIT “3”

# Northern District of Texas
# Claims Register

25-32569-swe11 ADC and T LLC

**Bankruptcy Judge:** Scott W Everett
**Office:** Dallas
**Trustee:**
**Chapter:** 11
**Last Date to file claims:** 11/17/2025
**Last Date to file (Govt):** 01/05/2026

*Creditor:* (22698804)
Ford Motor Credit Company LLC c/o AIS Portfolio Se
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

**Claim No: 1**
*Original Filed Date*: 07/23/2025
*Original Entered Date*: 07/23/2025

*Status:*
*Filed by:* CR
*Entered by:* Veermanu Yadav
*Modified:*

Amount claimed: $52930.33
Secured claimed: $52930.33

*History:*
Details 1-1 07/23/2025 Claim #1 filed by Ford Motor Credit Company LLC c/o AIS Portfolio Se, Amount claimed: $52930.33 (Yadav, Veermanu)

*Description:*
*Remarks:*

*Creditor:* (22698804)
Ford Motor Credit Company LLC c/o AIS Portfolio Se
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

**Claim No: 2**
*Original Filed Date*: 07/23/2025
*Original Entered Date*: 07/23/2025

*Status:*
*Filed by:* CR
*Entered by:* Veermanu Yadav
*Modified:*

Amount claimed: $56538.73
Secured claimed: $56538.73

*History:*
Details 2-1 07/23/2025 Claim #2 filed by Ford Motor Credit Company LLC c/o AIS Portfolio Se, Amount claimed: $56538.73 (Yadav, Veermanu)

*Description:*
*Remarks:*

*Creditor:* (22698804)
Ford Motor Credit Company LLC c/o AIS Portfolio Se
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

**Claim No: 3**
*Original Filed Date*: 07/23/2025
*Original Entered Date*: 07/23/2025

*Status:*
*Filed by:* CR
*Entered by:* Veermanu Yadav
*Modified:*

Amount claimed: $46138.33
Secured claimed: $46138.33

*History:*
Details 3-1 07/23/2025 Claim #3 filed by Ford Motor Credit Company LLC c/o AIS Portfolio Se, Amount claimed: $46138.33 (Yadav, Veermanu)

*Description:*
*Remarks:*

*Creditor:* (22698804)
Ford Motor Credit Company LLC c/o AIS Portfolio Se
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

**Claim No: 4**
*Original Filed Date*: 07/23/2025
*Original Entered Date*: 07/23/2025

*Status:*
*Filed by:* CR
*Entered by:* Veermanu Yadav
*Modified:*

Amount claimed: $53124.36
Secured claimed: $53124.36

*History:*
Details 4-1 07/23/2025 Claim #4 filed by Ford Motor Credit Company LLC c/o AIS Portfolio Se, Amount claimed: $53124.36 (Yadav, Veermanu)

*Description:*
*Remarks:*

*Creditor:* (22698804)
Ford Motor Credit Company LLC c/o AIS Portfolio Se
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

**Claim No: 5**
*Original Filed Date*: 07/25/2025
*Original Entered Date*: 07/25/2025

*Status:*
*Filed by:* CR
*Entered by:* Ajay Mohite
*Modified:*

Amount claimed: $53124.36
Secured claimed: $53124.36

*History:*
Details 5-1 07/25/2025 Claim #5 filed by Ford Motor Credit Company LLC c/o AIS Portfolio Se, Amount claimed: $53124.36 (Mohite, Ajay)

*Description:*
*Remarks:*

*Creditor:* (22728219)
Samson MCA LLC
1545 Route 202 Suite 101
Pomona, NY 10970

**Claim No: 6**
*Original Filed Date*: 08/18/2025
*Original Entered Date*: 08/18/2025

*Status:*
*Filed by:* CR
*Entered by:* Admin
*Modified:*

Amount claimed: $842950.10
Secured claimed: $842950.10

*History:*
Details 6-1 08/18/2025 Claim #6 filed by Samson MCA LLC, Amount claimed: $842950.10 (Admin)

*Description:*
*Remarks:*

*Creditor:* (22686089)
Canon Financial Services, Inc.
158 Gaither Drive Ste 200
Mount Laurel, NJ 08054

**Claim No: 7**
*Original Filed Date*: 08/22/2025
*Original Entered Date*: 08/22/2025

*Status:*
*Filed by:* CR
*Entered by:* Admin
*Modified:*

Amount claimed: $273795.14
Secured claimed: $273795.14

*History:*
Details 7-1 08/22/2025 Claim #7 filed by Canon Financial Services, Inc., Amount claimed: $273795.14 (Admin)

*Description:*
*Remarks:*

*Creditor:* (22746890)
KLC Financial, LLC
c/o Dennis A. Dressler, Esq.
Dressler Peters, LLC
101 W. Grand Ave., Ste. 404
Chicago, IL 60654

**Claim No: 8**
*Original Filed Date*: 09/02/2025
*Original Entered Date*: 09/02/2025

*Status:*
*Filed by:* CR
*Entered by:* Dennis A Dressler
*Modified:*

Amount claimed: $418833.05

*History:*
Details 8-1 09/02/2025 Claim #8 filed by KLC Financial, LLC, Amount claimed: $418833.05 (Dressler, Dennis)

*Description:*
*Remarks:*

*Creditor:* (22748363)
AMEX TRS Co., Inc.
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

**Claim No: 9**
*Original Filed Date*: 09/04/2025
*Original Entered Date*: 09/04/2025

*Status:*
*Filed by:* CR
*Entered by:* Shraddha Bharatia
*Modified:*

Amount claimed: $96703.49

*History:*
Details 9-1 09/04/2025 Claim #9 filed by AMEX TRS Co., Inc., Amount claimed: $96703.49 (Bharatia, Shraddha)

*Description:*
*Remarks:*

*Creditor:* (22749450)
American Chassis Leasing, LLC
PO Box 6314
Metairie, LA 70009

**Claim No: 10**
*Original Filed Date*: 09/11/2025
*Original Entered Date*: 09/11/2025

*Status:*
*Filed by:* CR
*Entered by:* Admin
*Modified:*

Amount claimed: $24351.52

*History:*
Details 10-1 09/11/2025 Claim #10 filed by American Chassis Leasing, LLC, Amount claimed: $24351.52 (Admin)

*Description:*
*Remarks:*

*Creditor:* (22686097)
Hancock Whitney Bank
PO Box 61750
New Orleans, LA 70161

**Claim No: 11**
*Original Filed Date*: 09/16/2025
*Original Entered Date*: 09/16/2025

*Status:*
*Filed by:* CR
*Entered by:* David Felicien Waguespack
*Modified:*

Amount claimed: $3481247.11
Secured claimed: $3481247.11

*History:*
Details 11-1 09/16/2025 Claim #11 filed by Hancock Whitney Bank, Amount claimed: $3481247.11 (Waguespack, David)

*Description:* (11-1) Motor and Other Vehicles
*Remarks:* (11-1) Motor and Other Vehicles

*Creditor:* (22764678)
Ameris Bank
c/o Padfield Stout, LLP
100 Throckmorton Street, Suite 700
Fort Worth, TX 76102

**Claim No: 12**
*Original Filed Date*: 09/16/2025
*Original Entered Date*: 09/16/2025

*Status:*
*Filed by:* CR
*Entered by:* Owen Colin Babcock
*Modified:*

Amount claimed: $162219.23
Secured claimed: $162219.23

*History:*
Details 12-1 09/16/2025 Claim #12 filed by Ameris Bank, Amount claimed: $162219.23 (Babcock, Owen)

*Description:*
*Remarks:*

*Creditor:* (22770625)
Cellco Partnership d/b/a Verizon Wireless
William M Vermette
22001 Loudoun County PKWY
Ashburn, VA 20147

**Claim No: 13**
*Original Filed Date*: 09/23/2025
*Original Entered Date*: 09/23/2025

*Status:*
*Filed by:* CR
*Entered by:* Admin
*Modified:*

Amount claimed: $1787.20

*History:*
Details 13-1 09/23/2025 Claim #13 filed by Cellco Partnership d/b/a Verizon Wireless, Amount claimed: $1787.20 (Admin)

*Description:*
*Remarks:* (13-1) Account Number (last 4 digits):0001

*Creditor:* (22686087)
Attorney General of Texas
Bankruptcy Div
PO Box 12548
Austin, TX 78711-2548

**Claim No: 14**
*Original Filed Date*: 10/02/2025
*Original Entered Date*: 10/02/2025

*Status:*
*Filed by:* CR
*Entered by:* Admin
*Modified:*

Amount claimed: $35384.00
Priority claimed: $35384.00

*History:*
Details 14-1 10/02/2025 Claim #14 filed by Attorney General of Texas, Amount claimed: $35384.00 (Admin)

*Description:*
*Remarks:*

*Creditor:* (22876739)
CAB assignee of Motive Technologies
4340 Fulton Avenue, Third Fl.
Sherman Oaks, CA 91423

**Claim No: 15**
*Original Filed Date*: 10/10/2025
*Original Entered Date*: 10/10/2025

*Status:*
*Filed by:* CR
*Entered by:* Admin
*Modified:*

Amount claimed: $62083.84

*History:*
Details 15-1 10/10/2025 Claim #15 filed by CAB assignee of Motive Technologies, Amount claimed: $62083.84 (Admin)

*Description:*
*Remarks:* (15-1) Account Number (last 4 digits):4463

| | | |
|---|---|---|
| *Creditor:* (23025341)<br>First Citizens Bank & Trust Company<br>100 E. Tryon Road, DAC-36<br>Raleigh, NC 27603 | **Claim No: 16**<br>*Original Filed Date*: 10/21/2025<br>*Original Entered Date*: 10/21/2025 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Emory C. Powers<br>*Modified:* |

Amount claimed: $149756.51
Secured claimed: $149756.51

*History:*

Details 16-1 10/21/2025 Claim #16 filed by First Citizens Bank & Trust Company, Amount claimed: $149756.51 (Powers, Emory)

*Description:* (16-1) Money Loaned
*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (23025341)<br>First Citizens Bank & Trust Company<br>100 E. Tryon Road, DAC-36<br>Raleigh, NC 27603 | **Claim No: 17**<br>*Original Filed Date*: 10/21/2025<br>*Original Entered Date*: 10/21/2025 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Emory C. Powers<br>*Modified:* |

Amount claimed: $210520.96
Secured claimed: $210520.96

*History:*

Details 17-1 10/21/2025 Claim #17 filed by First Citizens Bank & Trust Company, Amount claimed: $210520.96 (Powers, Emory)

*Description:* (17-1) Money loaned
*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (23025341)<br>First Citizens Bank & Trust Company<br>100 E. Tryon Road, DAC-36<br>Raleigh, NC 27603 | **Claim No: 18**<br>*Original Filed Date*: 10/21/2025<br>*Original Entered Date*: 10/21/2025<br>*Last Amendment Filed*: 10/21/2025<br>*Last Amendment Entered*: 10/21/2025 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Emory C. Powers<br>*Modified:* |

Amount claimed: $72486.31
Secured claimed: $72486.31

*History:*

Details 18-1 10/21/2025 Claim #18 filed by First Citizens Bank & Trust Company, Amount claimed: $72486.31 (Powers, Emory)

Details 18-2 10/21/2025 Amended Claim #18 filed by First Citizens Bank & Trust Company, Amount claimed: $72486.31 (Powers, Emory)

*Description:* (18-1) Money loaned
(18-2) Money Loaned
*Remarks:*

*Creditor:* (23025341)
First Citizens Bank & Trust Company
100 E. Tryon Road, DAC-36
Raleigh, NC 27603

**Claim No: 19**
*Original Filed Date*: 10/21/2025
*Original Entered Date*: 10/21/2025

*Status:*
*Filed by:* CR
*Entered by:* Emory C. Powers
*Modified:*

Amount claimed: $898073.65
Secured claimed: $898073.65

*History:*
Details 19-1 10/21/2025 Claim #19 filed by First Citizens Bank & Trust Company, Amount claimed: $898073.65 (Powers, Emory)

*Description:* (19-1) Money loaned
*Remarks:*

*Creditor:* (23025341)
First Citizens Bank & Trust Company
100 E. Tryon Road, DAC-36
Raleigh, NC 27603

**Claim No: 20**
*Original Filed Date*: 10/21/2025
*Original Entered Date*: 10/21/2025

*Status:*
*Filed by:* CR
*Entered by:* Emory C. Powers
*Modified:*

Amount claimed: $573527.91
Secured claimed: $573527.91

*History:*
Details 20-1 10/21/2025 Claim #20 filed by First Citizens Bank & Trust Company, Amount claimed: $573527.91 (Powers, Emory)

*Description:* (20-1) Money Loaned
*Remarks:*

*Creditor:* (23025341)
First Citizens Bank & Trust Company
100 E. Tryon Road, DAC-36
Raleigh, NC 27603

**Claim No: 21**
*Original Filed Date*: 10/21/2025
*Original Entered Date*: 10/21/2025

*Status:*
*Filed by:* CR
*Entered by:* Emory C. Powers
*Modified:*

Amount claimed: $53450.74
Secured claimed: $53450.74

*History:*
Details 21-1 10/21/2025 Claim #21 filed by First Citizens Bank & Trust Company, Amount claimed: $53450.74 (Powers, Emory)

*Description:* (21-1) Money loaned
*Remarks:*

*Creditor:* (23025341)
First Citizens Bank & Trust Company
100 E. Tryon Road, DAC-36
Raleigh, NC 27603

**Claim No: 22**
*Original Filed Date*: 10/21/2025
*Original Entered*

*Status:*
*Filed by:* CR
*Entered by:* Emory C. Powers
*Modified:*

*History:*
Details 22-1 10/21/2025 Claim #22 filed by First Citizens Bank & Trust Company, Amount claimed: $63887.94 (Powers, Emory)
Details 22-2 10/21/2025 Amended Claim #22 filed by First Citizens Bank & Trust Company, Amount claimed: $63887.94 (Powers, Emory)

*Description:* (22-1) Money loaned
(22-2) Money Loaned
*Remarks:*

Date: 10/21/2025
*Last Amendment Filed*: 10/21/2025
*Last Amendment Entered*: 10/21/2025

Amount claimed: $63887.94
Secured claimed: $63887.94

*History:*

Details 22-1 10/21/2025 Claim #22 filed by First Citizens Bank & Trust Company, Amount claimed: $63887.94 (Powers, Emory)

Details 22-2 10/21/2025 Amended Claim #22 filed by First Citizens Bank & Trust Company, Amount claimed: $63887.94 (Powers, Emory)

*Description:* (22-1) Money loaned
(22-2) Money Loaned

*Remarks:*

*Creditor:* (22686101)
Lease Finance Partners, Inc.
PO Box 20140
Wichita, KS 67208

**Claim No: 23**
*Original Filed Date*: 10/31/2025
*Original Entered Date*: 10/31/2025

*Status:*
*Filed by:* CR
*Entered by:* Admin
*Modified:*

Amount claimed: $71121.49
Secured claimed: $71121.49

*History:*

Details 23-1 10/31/2025 Claim #23 filed by Lease Finance Partners, Inc., Amount claimed: $71121.49 (Admin)

*Description:*

*Remarks:* (23-1) Account Number (last 4 digits):4364

*Creditor:* (22732800)
GCI, Inc.
c/o Kendall Livingston
720 S. Texaco Rd.
Hobbs, NM 88240

**Claim No: 24**
*Original Filed Date*: 11/06/2025
*Original Entered Date*: 11/06/2025

*Status:*
*Filed by:* CR
*Entered by:* Admin
*Modified:*

Amount claimed: $109590.00

*History:*

Details 24-1 11/06/2025 Claim #24 filed by GCI, Inc., Amount claimed: $109590.00 (Admin)

*Description:*

*Remarks:*

*Creditor:* (23054143)
Jordan Lee Properties, LLC
c/o Todd J. Johnston
McWhorter, Cobb & Johnson, LLP
P.O. Box 2547
Lubbock, Texas 79408

**Claim No: 25**
*Original Filed Date*: 11/12/2025
*Original Entered Date*: 11/12/2025

*Status:*
*Filed by:* CR
*Entered by:* Todd Jeffrey Johnston
*Modified:*

Amount claimed: $273882.22

*History:*

Details 25-1 11/12/2025 Claim #25 filed by Jordan Lee Properties, LLC, Amount claimed: $273882.22 (Johnston, Todd)

*Description:*

*Remarks:*

*Creditor:* (23056521)
Texas Comptroller of Public Accounts
C/O Office of the Attorney General
Bankruptcy - Collections Division MC-008
PO Box 12548
Austin, TX 78711-2548

**Claim No: 26**
*Original Filed Date*: 11/14/2025
*Original Entered Date*: 11/14/2025

*Status:*
*Filed by:* CR
*Entered by:* Silvia Brown
*Modified:*

Amount claimed: $53500.70
Priority claimed: $48637.00

*History:*

Details 26-1 11/14/2025 Claim #26 filed by Texas Comptroller of Public Accounts, Amount claimed: $53500.70 (Brown, Silvia)

*Description:* (26-1) FRANCHISE TAX CH. 171

*Remarks:* (26-1) General unsecured amount $4863.70

*Creditor:* (23057065)
Commercial Funding Partners, LLC
c/o Bell Nunnally & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201

**Claim No: 27**
*Original Filed Date*: 11/14/2025
*Original Entered Date*: 11/14/2025

*Status:*
*Filed by:* AT
*Entered by:* Troy Lee Hales
*Modified:*

Amount claimed: $1185953.82
Secured claimed: $886461.93

*History:*

Details 27-1 11/14/2025 Claim #27 filed by Commercial Funding Partners, LLC, Amount claimed: $1185953.82 (Hales, Troy)

*Description:* (27-1) Money loaned/Master Lease Agreement, related documents and Agreements

*Remarks:*

*Creditor:* (23058064)
Horizon Equipment Finance Solutions
6026 Remson Hollow lane
Katy, TX 77494-4376

**Claim No: 28**
*Original Filed Date*: 11/17/2025
*Original Entered Date*: 11/17/2025
*Last Amendment Filed*: 11/17/2025
*Last Amendment Entered*: 11/17/2025

*Status:*
*Filed by:* CR
*Entered by:* Admin
*Modified:* 11/17/2025

Amount claimed: $621069.38
Secured claimed: $621069.38

*History:*

Details 28-1 11/17/2025 Claim #28 filed by Horizon Equipment Finance Solutions, Amount claimed: $621069.38 (Admin)

Details 28-2 11/17/2025 Amended Claim #28 filed by Horizon Equipment Finance Solutions, Amount claimed: $621069.38 (Admin)

*Description:*

*Remarks:* (28-1) Account Number (last 4 digits):5633
(28-2) Account Number (last 4 digits):5633

*Creditor:* (23058477)
Apex Funding Silver, LLC
c/o Kaminski Law PLLC
P.O. Box 247
Grass Lake, MI 49240

**Claim No: 29**
*Original Filed Date*: 11/17/2025
*Original Entered Date*: 11/17/2025

*Status:*
*Filed by:* CR
*Entered by:* Shanna M. Kaminski
*Modified:*

Amount claimed: $184668.00
Secured claimed: $184668.00
Priority claimed: $0.00

*History:*
Details 29-1 11/17/2025 Claim #29 filed by Apex Funding Silver, LLC, Amount claimed: $184668.00 (Kaminski, Shanna)

*Description:* (29-1) Agreement for the sale of future receipts.
*Remarks:*

*Creditor:* (23058959)
Momentum Capital Funding, LLC
c/o Caroline Djang
Buchalter
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514

**Claim No: 30**
*Original Filed Date*: 11/17/2025
*Original Entered Date*: 11/17/2025

*Status:*
*Filed by:* CR
*Entered by:* Caroline Djang
*Modified:*

Amount claimed: $1725164.09
Priority claimed: $1725164.09

*History:*
Details 30-1 11/17/2025 Claim #30 filed by Momentum Capital Funding, LLC, Amount claimed: $1725164.09 (Djang, Caroline)

*Description:* (30-1) Super-priority Administrative Expense and Post-Petition Lien
*Remarks:*

*Creditor:* (22686099)
Internal Revenue Service
Mail Code DAL-5020
1100 Commerce Street
Dallas, TX 75242

**Claim No: 31**
*Original Filed Date*: 11/20/2025
*Original Entered Date*: 11/20/2025

*Status:*
*Filed by:* CR
*Entered by:* Mikeal D. Smith
*Modified:*

Amount claimed: $27143.66
Secured claimed: $0.00
Priority claimed: $22215.85

*History:*
Details 31-1 11/20/2025 Claim #31 filed by Internal Revenue Service, Amount claimed: $27143.66 (Smith, Mikeal)

*Description:*
*Remarks:*

## Claims Register Summary

**Case Name:** ADC and T LLC
**Case Number:** 25-32569-swe11
**Chapter:** 11
**Date Filed:** 07/09/2025
**Total Number Of Claims:** 31

| | |
|---|---|
| **Total Amount Claimed*** | $11935008.17 |

| | |
|---|---|
| **Total Amount Allowed*** | |

*Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| **Secured** | $8807092.51 | |
| **Priority** | $1831400.94 | |
| **Administrative** | | |

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/12/2026 15:23:21 | | | |
| **PACER Login:** | joycelindauer | **Client Code:** | ADC.T |
| **Description:** | Claims Register | **Search Criteria:** | 25-32569-swe11 Filed or Entered From: 1/1/2025 Filed or Entered To: 5/12/2026 |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# EXHIBIT "4"

**CHAPTER 11 DEBTOR PROJECTIONS**
**ADC & T, LLC**
**2/23/2026**

| | | | July<br>Month<br>1 | August<br>Month<br>2 | September<br>Month<br>3 | October<br>Month<br>4 | Nov<br>Month<br>5 | Dec<br>Month<br>6 | Jan<br>Month<br>7 | Feb<br>Month<br>8 | March<br>Month<br>9 | April<br>Month<br>10 | May<br>Month<br>11 | June<br>Month<br>12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | | | |
| | | Total Revenue | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 |
| | | **NET INCOME** | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 |
| **EXPENSES** | | | | | | | | | | | | | | |
| | | Contract Labor / Driver Pay | $391,750 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 |
| | | Truck (Fuel & Maintenance) | $58,940 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 |
| | | Insurance | $14,470 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 |
| | | Rent & Lease | $7,235 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 |
| | | Professional Services | $7,235 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 |
| | | Office & Administrative | $7,235 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 |
| | | Other Operating Expenses | $70,360 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 |
| | | US Trustee Fees | $2,000 | 2,000.00 | 2,000.00 | | | | | | | | | |
| | | Legal Retainer | | | | | | | | | | | | |
| | | **TOTAL EXPENSES** | 559,225.00 | 559,225.00 | 559,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | | | | | | | |
| | 1 | Priority Tax Claims (IRS + AG Texas) | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 |
| | 2 | Allowed Secured Claim of Ameris Bank. | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 |
| | 3 | Allowed Secured Claim of Apex Funding Silver. | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 |
| | 4 | Allowed Secured Claim of Balboa Capital. | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 |
| | 5 | Allowed Secured Claim of Canon Financial Services, Inc. | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 |
| | 6 | Allowed Secured Claim of Commercial Funding Partners. | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 |
| | 7 | Allowed Secured Claim of CT Corporation System (SPRS). | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | 8 | Allowed Secured Claim of Financial Partner Group. | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 |
| | 9 | Allowed Secured Claims of First Citizens Bank & Trust Company. | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 |
| | 10 | Allowed Secured Claim of Ford Motor Credit Company. | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 |
| | 11 | Allowed Secured Claims of Hancock Whitney Bank. | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 |
| | 12 | Allowed Secured Claims of Horizon EF Solutions. | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 |
| | 13 | Lease Finance Partners, Inc. | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 |
| | 14 | Momentum Capital Funding. (unsecured) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | 15 | Samson MCA LLC. (unsecured) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | 16 | TVT Capital. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | 17 | U.S. Small Business Administration. | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 |
| | 18 | Allowed Unsecured Claims | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| | 19 | Equity Interests | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | **TOTAL PLAN PAYMENTS** | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 |
| **NET INCOME** | | | 36,350.11 | 36,350.11 | 36,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 |
| **CUMULATIVE INCOME** | | | 36,350.11 | 72,700.23 | 109,050.34 | 147,400.46 | 185,750.57 | 224,100.69 | 262,450.80 | 300,800.91 | 339,151.03 | 377,501.14 | 415,851.26 | 454,201.37 |

| **CALCULATION NOTES** | | | Claim | Post-Pet | Pay Basis |
|---|---|---|---|---|---|
| Priorit | Priority Tax Claims (IRS + AG Texas) | Paid over 60 months @ 12% | $ 807,343.00 | | $14,251.81 |
| 1 | Allowed Secured Claim of Ameris Bank. | Paid in full over 84 months @ 5% per annum, equal monthly installments | $ 162,219.23 | | $ 2,292.79 |
| 2 | Allowed Secured Claim of Apex Funding Silver. | Paid in full over 84 months @ 5% per annum, equal monthly installments | $ 325,523.00 | - | $ 4,600.91 |
| 3 | Allowed Secured Claim of Balboa Capital. | Paid in full over 84 months @ 5% per annum, equal monthly installments | $ 70,000.00 | - | $ 989.37 |
| 4 | Allowed Secured Claim of Canon Financial Services, Inc. | Paid in full over 84 months @ 5% per annum, equal monthly installments | $ 273,795.00 | - | $ 3,869.79 |
| 5 | Allowed Secured Claim of Commercial Funding Partners. | Paid in full over 84 months @ 5% per annum, equal monthly installments | $ 495,000.00 | - | $ 6,996.28 |
| 6 | Allowed Secured Claim of CT Corporation System (SPRS). | Paid in full over 84 months @ 5% per annum, equal monthly installments | $ - | - | $ - |
| 7 | Allowed Secured Claim of Financial Partner Group. | Paid in full over 84 months @ 5% per annum, equal monthly installments | $ 173,000.00 | - | $ 2,445.17 |
| 8 | Allowed Secured Claims of First Citizens Bank & Trust Company. | Paid in full over 84 months @ 5% per annum, equal monthly installments | $ 300,962.00 | - | $ 4,253.77 |
| 9 | Allowed Secured Claim of Ford Motor Credit Company. | Paid in full over 84 months @ 5% per annum, equal monthly installments | $ 335,675.00 | - | $ 4,744.40 |
| 10 | Allowed Secured Claims of Hancock Whitney Bank. | Paid in full over 84 months @ 5% per annum, equal monthly installments | $ 1,348,000.00 | - | $ 19,052.51 |
| 11 | Allowed Secured Claims of Horizon EF Solutions. | Paid in full over 84 months @ 5% per annum, equal monthly installments | $ 219,165.00 | - | $ 3,097.66 |
| 12 | Lease Finance Partners, Inc. | Paid in full over 84 months @ 5% per annum, equal monthly installments | $ 71,121.00 | - | $1,005.22 |
| 13 | Momentum Capital Funding. | Paid in full over 84 months @ 5% per annum, equal monthly installments | $ - | - | $ - |
| 14 | Samson MCA LLC. | unsecured - pay p/r share of unsecured | | - | $ - |
| 15 | TVT Capital. | unsecured - pay p/r share of unsecured | | - | $ - |
| 16 | U.S. Small Business Administration. | Paid in full over 84 months @ 5% per annum, equal monthly installments | $ 29,376.00 | - | $ 415.20 |
| 17 | Allowed Unsecured Claims | $1,500/month pool for 84 months (Pro Rata distribution) | $ 1,267,075.33 | - | $ 1,500.00 |
| 18 | Equity Interests | Retained by owners. No payment. | | | |

| July | August | September | October | Nov | Dec | Jan | Feb | March | April | May | June | July | August | September | October | Nov | Dec | Jan |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Month | Month | Month | Month | Month | Month | Month | Month | Month | Month | Month | Month | Month | Month | Month | Month | Month | Month | Month |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
| 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 |
| 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 |
| 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 |
| 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 |
| 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 |
| 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 |
| 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 |
| 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 |
| 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 |
| 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 |
| 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 |
| 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 |
| 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 |
| 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 |
| 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 |
| 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 |
| 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 |
| 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 |
| 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 |
| 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 |
| 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 |
| 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 |
| 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 |
| 492,551.49 | 530,901.60 | 569,251.72 | 607,601.83 | 645,951.94 | 684,302.06 | 722,652.17 | 761,002.29 | 799,352.40 | 837,702.52 | 876,052.63 | 914,402.74 | 952,752.86 | 991,102.97 | 1,029,453.09 | 1,067,803.20 | 1,106,153.32 | 1,144,503.43 | 1,182,853.54 |

| Feb | March | April | May | June | July | August | September | October | Nov | Dec | Jan | Feb | March | April | May | June | July | August |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Month | Month | Month | Month | Month | Month | Month | Month | Month | Month | Month | Month | Month | Month | Month | Month | Month | Month | Month |
| 32 | 33 | 34 | 35 | 36 | 37 | 38 | 39 | 40 | 41 | 42 | 43 | 44 | 45 | 46 | 47 | 48 | 49 | 50 |
| 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 |
| 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 |
| 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 |
| 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 |
| 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 |
| 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 |
| 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 |
| 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 |
| 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 |
| 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 |
| 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 |
| 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 |
| 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 |
| 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 |
| 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 |
| 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 |
| 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 |
| 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 |
| 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 |
| 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 |
| 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 |
| 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 |
| 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 |
| 1,221,203.66 | 1,259,553.77 | 1,297,903.89 | 1,336,254.00 | 1,374,604.12 | 1,412,954.23 | 1,451,304.35 | 1,489,654.46 | 1,528,004.57 | 1,566,354.69 | 1,604,704.80 | 1,643,054.92 | 1,681,405.03 | 1,719,755.15 | 1,758,105.26 | 1,796,455.37 | 1,834,805.49 | 1,873,155.60 | 1,911,505.72 |

| September | October | Nov | Dec | Jan | Feb | March | April | May | June |
|---|---|---|---|---|---|---|---|---|---|
| Month 51 | Month 52 | Month 53 | Month 54 | Month 55 | Month 56 | Month 57 | Month 58 | Month 59 | Month 60 |
| 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 |
| 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 | 665,090.00 |
| 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 | 391,750.00 |
| 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 | 58,940.00 |
| 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 | 14,470.00 |
| 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 |
| 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 |
| 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 | 7,235.00 |
| 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 | 70,360.00 |
| 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 | 557,225.00 |
| 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 | 14,251.81 |
| 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 | 2,292.79 |
| 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 | 4,600.91 |
| 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 | 989.37 |
| 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 | 3,869.79 |
| 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 | 6,996.28 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 | 2,445.17 |
| 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 | 4,253.77 |
| 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 | 4,744.40 |
| 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 | 19,052.51 |
| 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 | 3,097.66 |
| 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 | 1,005.22 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 | 415.20 |
| 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 | 69,514.89 |
| 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 | 38,350.11 |
| 1,949,855.83 | 1,988,205.95 | 2,026,556.06 | 2,064,906.17 | 2,103,256.29 | 2,141,606.40 | 2,179,956.52 | 2,218,306.63 | 2,256,656.75 | 2,295,006.86 |

# EXHIBIT "5"

| Hancock Whitney Claim | | | |
|---|---|---|---|
| $ | | | 3,481,247.11 |
| Secured Claim | | | |
| $ | | | 1,125,000.00 |
| Unsecured Claim | | | |
| $ | | | 2,356,247.00 |
| YEAR | MODEL / MAKE | TYPE | VALUE |
| 2019 | ACE / TR | Chassis | $ 15,000.00 |
| 2023 | ACE / TR | Chassis | $ 18,000.00 |
| 2023 | ACE / TR | Chassis | $ 18,000.00 |
| 2023 | ACE / TR | Chassis | $ 18,000.00 |
| 2023 | ACE / TR | Chassis | $ 18,000.00 |
| 2023 | ACE / TR | Chassis | $ 18,000.00 |
| 2023 | ACE / TR | Chassis | $ 18,000.00 |
| 2024 | EXA / TR | VAC | $ 35,000.00 |
| 2024 | EXA / TR | VAC | $ 35,000.00 |
| 2024 | EXA / TR | VAC | $ 35,000.00 |
| 2024 | EXA / TR | VAC | $ 35,000.00 |
| 2024 | EXA / TR | VAC | $ 35,000.00 |
| 2024 | EXA / TR | VAC | $ 35,000.00 |
| 2024 | EXA / TR | VAC | $ 35,000.00 |
| 2025 | MAC | End Dump | $ 50,000.00 |
| 2025 | MAC | End Dump | $ 50,000.00 |
| 2025 | MAC | End Dump | $ 50,000.00 |
| 2025 | MAC | End Dump | $ 50,000.00 |
| 2025 | MAC | End Dump | $ 50,000.00 |
| 2025 | MAC | End Dump | $ 50,000.00 |
| 2025 | MAC | End Dump | GIVE BACK |
| 2025 | MAC | End Dump | GIVE BACK |
| 2025 | MAC | End Dump | GIVE BACK |
| 2024 | FORD SUPER DUTY | Truck | $ 75,000.00 |
| 2024 | FORD PICK UP | Truck | $ 50,000.00 |
| 2024 | CAJAS TRAILER | Trailer | $ 45,000.00 |
| 2024 | CAJAS TRAILER | Trailer | $ 45,000.00 |
| 2024 | CAJAS TRAILER | Trailer | $ 45,000.00 |
| 2024 | CAJAS TRAILER | Trailer | $ 45,000.00 |
| 2024 | CAJAS TRAILER | Trailer | $ 45,000.00 |
| 2024 | CAJAS TRAILER | Trailer | $ 45,000.00 |
| 2024 | CAJAS TRAILER | Trailer | $ 45,000.00 |
| 2024 | CAJAS TRAILER | Trailer | $ 45,000.00 |
| 2024 | PA15 | Truck | $ 15,000.00 |
| 2024 | PA15 | Truck | $ 15,000.00 |
| 2024 | PA15 | Truck | $ 15,000.00 |
| 2024 | FORD F250 | Truck | $ 50,000.00 |
| 2014 | FRHT / TR | Truck | $ 25,000.00 |
| 2018 | FRHT / TR | Truck | $ 25,000.00 |
| 2019 | FRHT / TR | Truck | $ 25,000.00 |
| 2019 | FRHT / TR | Truck | $ 25,000.00 |

| TOTAL | $ 1,348,000.00 |
|---|---|